BEARD v. DAVIS *et al.*

No. 6901.   Opinion Filed March 28, 1916.

(156 Pac. 631.)

1.   TRIAL—Waiver of Error—Demurrer to Evidence.  At the close of the plaintiff's case, the defendant demurred generally, alleging a variance between the petition and the evidence.  This demurrer was overruled.  Defendant then proceeded to introduce his testimony, which testimony supplied any deficiencies, if any existed, in the testimony of plaintiff.  **Held**, error in the action of the court, if any, was cured.

2.   **Prejudicial Error Not Shown.**  The record fails to disclose any prejudicial error, or that substantial justice was not done. Hence the judgment of the trial court must be affirmed.

(Syllabus by Linn, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Jennie Davis against H. G. Beard and Walter W. Waddell.   Judgment for plaintiff, and defendant Beard brings error.  Affirmed.

*Mann & Diamond,* for plaintiff in error.

*Warren & Miller* and *Lafayette Walker,* for defendants in error.

Opinion by LINN, C.   Parties will be designated in the statement of facts as they appeared on the docket in

the trial court. The plaintiff, Jennie Jefferson, a Creek freedwoman, filed her petition in the district court of Hughes county, in substance alleging that on the 23d day of May, 1912, she sold and conveyed to the defendant H. G. Beard, by warranty deed, the S. E. ¼ of section 27, in township 7 north, range 8 east, for a consideration of $2,600; that of said amount $200 was paid in cash, leaving a balance of $2,400; that on May 29th, the said H. G. Beard and wife executed and delivered to defendant Waddell their certain deed, conveying to him said described land; and that at said time said Waddell was apprised of the fact that plaintiff had been paid only $200, and that a balance of $2,400 remained unpaid. She prayed judgment for the sum of $2,400, with interest, and that her vendor's lien be foreclosed. The defendant Beard answered by general denial, and, answering further, admitted the purchase of the land as alleged, but denied that he agreed to pay $2,600 therefor, and averred that the express consideration agreed upon was $1,600, that he had paid $850 cash, and was to pay the balance, $750, upon being placed in possession, and when the same should be clear of all incumbrances. He pleaded failure of consideration, and alleged that he had sold the land to defendant Waddell for a consideration of $850 cash paid, and that Waddell was to pay the plaintiff the balance, $750. Defendant Waddell answered by general denial, and, further, admitted the execution and delivery of the conveyance to defendant Beard, but averred he was not apprised of the exact consideration. He alleged that the consideration from Beard to plaintiff had been paid. The cause came on for trial to a jury on the 19th day of March, 1914. At the close of plaintiff's testimony, defendant Beard de-

murred thereto, which demurrer was overruled and exceptions taken. Thereupon defendant Beard proceeded to introduce his testimony, tending to sustain the allegations of his answer. A verdict against the defendant Beard in the sum of $1,250 was returned, but in favor of the defendant Waddell, whereupon the court rendered judgment against the defendant Beard. Motion for new trial was filed, alleging: (1) Errors of law occurring at the trial; (2) that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law—which motion was overruled, exception saved, and the case is now before this court upon petition in error, with case-made attached. Errors assigned are: (1) Said court erred in overruling the plaintiff in error's motion for a new trial; (2) in admitting evidence on the part of the plaintiff; (3) in refusing and ruling out competent and legal evidence on the part of the plaintiff in error.

The only error assigned and discussed by counsel for plaintiff in error in his brief is that the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error Davis. It is insisted by counsel for defendant in error that this appeal should be dismissed, for the reason plaintiff in error failed to set out in his brief an abstract of the record, as required by rule 25 of this court; and, further, on the ground that the assignment discussed and relied upon was not incorporated in his motion for a new trial. We are inclined to hold that the motion is well taken on both grounds, and that the appeal should be dismissed, but have concluded that, inasmuch as the cause has been briefed and regularly submitted, to dispose of the case on the merits.

There is no merit in the contention of the plaintiff in error under the assignment of error discussed, and this for the reason that after his demurrer to the evidence was overruled, he proceeded to put his testimony before the court and jury, and whatever deficiencies, if any there were, in the testimony of the plaintiff on the question of variance were supplied by the testimony of the defendant. By this action he waived error, if any, in the overruling of the demurrer. *St. Louis & S. F. R. Co. v. Loftis*, 25 Okla. 496, 106 Pac. 824. Other authorities might be cited to sustain this rule, but it is obviously sound and just, and the citation of authority would serve no useful purpose, hence is unnecessary.

This being the only error presented in counsel's brief, and finding no prejudicial error, and having no reason to believe that any injustice was done the plaintiff in error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.