## BOWER-VENUS GRAIN CO. v. SMITH.

No 10568 – Opinion Filed Jan. 24, 1922.

(Syllabus.)

**1. Sales—Breach of Contract to Deliver—Measure of Damages.**

Where the breach of a contract of sale of goods consists in the failure of the seller to deliver the goods, the measure of damages is ordinarily the difference between the contract price and the market price of the goods at the time and place of delivery. The damages are, however, subject to deduction for any expenses saved to the buyer by the non-delivery.

**2. Trial—Demurrer to Evidence—Refusal—Cure of Error.**

Where a demurrer to plaintiff's evidence is overruled, although on account of some omission in the testimony it should have been sustained, if thereupon the defendant introduces testimony, and in so doing supplies the omission, the error in the ruling on the demurrer is cured; and if, upon all the testimony in the case, the judgment is properly rendered, it will not be disturbed on appeal.

**3. Appeal and Error—Waiver of Rights to Object—Reception of Evidence.**

A party cannot complain of the admission of evidence over his objection, where he permits evidence of the same tenor to be admitted without objection.

**4. Sales—Delivery — Carrier as Agent of Seller.**

Where B. and V. sold two carloads of hay to S. to be delivered at W. at a stipulated price per ton, and shipped the same to themselves, consigned to their order, held, that the carrier was the agent of B. and V. for the delivery of said hay, and they were liable to S. in damages for the failure of the carrier to deliver.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Sam J. Smith, doing business as Central Texas Grain Company, against Bower-Venus Grain Company, a partnership composed of J. W. S. Bower and H. J. Venus, for damages for nondelivery of hay sold. Judgment for plaintiff, and defendants bring error. Affirmed.

Vilas V. Vernor, for plaintiff in error.

S. E. Gidney, for defendant in error.

NICHOLSON, J.  This action was brought in the superior court of Muskogee county by Sam J. Smith, doing business as Central Texas Grain Company, as plaintiff, against Bower-Venus Grain Company, a partnership composed of J. W. S. Bower and H. J. Venus, as defendants, to recover the sum of $300.80, damages alleged to have been sustained by the plaintiff because of the failure of the defendants to deliver two certain carloads of hay sold to plaintiff by defendants. The court instructed the jury to return a verdict for the plaintiff and assess his damages at the difference between the contract price for the hay delivered at Waco, Tex., and the reasonable cash market value of hay of similar quality at that place at the time the hay should have been delivered to the plaintiff in the ordinary course of business, but in no event should the verdict exceed the amount claimed by plaintiff. A verdict was returned for the plaintiff for the sum of $231, upon which judgment was rendered, and to reverse which this proceeding in error was instituted. The parties occupied reverse positions in the trial court, and we will refer to them as they appeared there.

The evidence shows that on September 17, 1917, the plaintiff purchased of the defendants two carloads of No. 1 prairie hay at the price of $20.50 per ton, delivered at Waco, Tex.; that the defendants shipped said hay from Muskogee, Okla., consigned to their order at Waco, mailed invoices of said hay to the plaintiff, and attached the

original bills of lading to drafts on the plaintiff and forwarded the same through a bank; these drafts were received by the Central Texas Exchange National Bank at Waco. It appears that between the 24th of September and the 10th of October, 1917, the plaintiff frequently inquired at every railroad in Waco, in an effort to locate said cars, but without avail; that on October 8, 1917, the defendants wrote the plaintiff that the railroad company advised them that one car of said hay was still on hand at Waco, undelivered; that upon receipt of this letter the plaintiff telephoned one Henry Fields, an employe of the M., K. & T. Railway Company at Waco, and the man to whom the plaintiff always went for information desired in regard to the cars, and Fields informed him that said cars were lost in a wreck about 200 miles north of Waco; that the plaintiff then, on October 10, 1917, instructed his bank to return the drafts.

At the close of plaintiff's case in chief, the defendants demurred to the evidence for the reason that the same failed to show that the plaintiff suffered any loss by any purported breach of the contract, or that the plaintiff was compelled to and did go into the open market and purchase hay at the prices recited in the testimony. This demurrer was overruled, and of this ruling the defendants complain, and insist that while the evidence of the plaintiff shows that hay of the character of that in question was worth on the market in Waco, Tex., $28 or $29 per ton at the time this hay should have been delivered, there is no evidence showing that the plaintiff was damaged because of going into the market and buying hay on account of the defendants, because of their alleged failure to deliver the hay. The evidence is undisputed that the defendants agreed to deliver this hay to the plaintiff at Waco, at the price of $20.50 per ton, and neither is there any dispute as to the market value of said hay at Waco. It is the general rule that where the breach of a contract of sale of goods consists in the failure of the seller to deliver the goods, the measure of damages is ordinarily the difference between the contract price and the market price of the goods at the time and place of delivery. Kingfisher Mill & Elevator Co. v. Westbrook et al., 79 Okla. 188, 192 Pac. 209; 35 Cyc. 633. So, the measure of the plaintiff's damages, there being no deduction for freight or other expenses saved to him by the nondelivery, was the difference between $20.50 and $28 or $29 per ton.

It is further insisted that at the time said demurrer was overruled there was no evidence in the record, and no attempt by the plaintiff to show how much an ordinary carload of hay amounted to, and there was nothing by which the jury could have measured damages for the plaintiff. This is true; but after the demurrer had been overruled the defendants introduced evidence, and Mr. Venus, one of the defendants, testified on cross-examination that one of the cars contained a little over 12 tons and the other a little more than 18 tons, making something over 30 tons in the two cars, thereby supplying any deficiency in the evidence of the plaintiff. This evidence was received without objection, and no motion to strike it was made. The defendant did not interpose a further demurrer or request an instructed verdict. Therefore, the error, if any, in overruling the demurrer was cured, and if, upon all the testimony in the case the judgment was properly rendered, it will not be disturbed. St. Louis & S. F. Ry. Co. v. Loftis, 25 Okla. 496, 106 Pac. 824; Meyer v. White, 27 Okla. 400, 112 Pac. 1005; G., C. & S. F. Ry. Co. v. Beasley, 67 Oklahoma, 168 Pac. 200; Glaze v. Metcalf Thresher Co., 67 Oklahoma, 168 Pac. 219; Beard v. Davis, 57 Okla. 17, 156 Pac. 631; Rutledge v. Jarvis, 60 Okla. 66, 158 Pac. 586; Tankersley v. Castanien et al., 63 Okla. 18, 162 Pac. 191.

The defendants next complain of the admission of incompetent and irrelevant testimony on behalf of the plaintiff over their objection, and insist that the telephone conversation between the plaintiff and Fields, wherein Fields informed the plaintiff that the two cars of hay had been lost in a wreck, was hearsay, not having taken place in the presence of either of the defendants, and was self-serving; but we are of the opinion that the defendants cannot be heard to complain of the admission of this evidence over their objection, for the reason that later on in the testimony of the plaintiff he was permitted to testify to such conversation without objection, and it has frequently been held that a party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection. 3 C. J. 815; Gafford v. Davis, 58 Okla. 303, 159 Pac. 490; Whitehead Coal Mining Co. v. Schneider, 75 Okla. 175, 183 Pac. 49; National Bank of Hastings v. Oklahoma State Bank, 80 Okla. 239, 195 Pac. 768.

Under our view of the case the admission of this evidence, as well as the rejection of the evidence of the conversation had between

the defendant Venus and an employe of the Midland Valley Railway Company, of which the defendants complain, was of no consequence, both conversations being immaterial, for the reason that the defendants contracted to deliver the hay to the plaintiff at Waco, Tex., and when they shipped it to themselves, consigned to their order, they made the carrier their agent for the delivery of the hay to the plaintiff, and as the record shows that the carrier failed to deliver or offer to deliver the hay to the plaintiff, this was not a performance of the contract. Hill v. Fruita Mer. Co. (Colo.) 94 Pac. 354; Julius Winklemeyer Brewing Assn. v. Nipp (Kan.) 50 Pac. 956; Hunter Brothers v. Stanley (Mo.) 111 S. W. 869; Armstrong v. Coyne (Kan.) 67 Pac. 537; 35 Cyc. 195.

After a careful examination of the entire record, we are of the opinion that the court did not err in instructing the jury to find for the plaintiff, and that there was no error in the assessment of the amount of the recovery.

Therefore, the judgment of the trial court is affirmed; and, as the defendant in error has in his brief asked for judgment on the supersedeas bond, it is ordered and adjudged by the court that said defendant in error do have and recover of and from the plaintiffs in error, as principals, and Lewis B. Malone and J. C. Rifernbery, as sureties on said bond, the sum of $231, with interest thereon at the rate of 6 per cent. per annum from the 18th day of December, 1918, and the costs of said action, for which execution is hereby awarded.

PITCHFORD, V. C. J., and KANE, JOHNSON, McNEILL, and ELTING, JJ., concur.