## STERNWEAR TIRE & TUBE CO. v. MARION TIRE & RUBBER CO.

No. 10914—Opinion Filed Jan. 16, 1923.

(Syllabus.)

1. **Contracts — Construction — Language of Contract.**

It is a well-settled rule of law that if the language of a written contract is such as to clearly show the intention of the parties, then there is no need to apply any technical rules of construction. Where no doubt exist there is no room for construction.

2. **Customs and Usages — Evidence to Vary Contract.**

Evidence of custom and usage is not admissible to vary, add to, or contradict the terms of a plain and definite contract or impose a duty or obligation upon a party to a contract not incorporated therein, where such duty or obligation is expressly or impliedly excluded by the terms of the contract. Bower-Venus Grain Co. v. Norman Milling & Grain Co., 84 Okla. 105, 207 Pac. 297.

3. **Contracts — Action for Breach — Insufficiency of Petition.**

Record examined, and held, that there was no error in the judgment of the trial court sustaining the demurrer.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by the Sternwear Tire & Tube Company of Oklahoma against the Marion Tire & Rubber Company to recover damages for breach of contract. Judgment sustaining general demurrer to the plaintiff's petition and dismissing the action. Plaintiff brings error. Affirmed.

Wm. A. Smith, for plaintiff in error.

Shirk, Danner & Fulton, for defendant in error.

KENNAMER, J. The plaintiff instituted this action in the district court of Oklahoma county against the defendant to recover $10,000 damages for breach of a contract of agency. It was alleged in the amended petition of the plaintiff that it had the exclusive right to sell certain automobile tires and tubes within the state of Oklahoma, with the exception of three counties. The plaintiff attached to its amended petition a written contract and alleged under the contract the plaintiff had the exclusive right to sell and handle as a distributor what is known as Marion automobile casings and tubes in the entire state of Oklahoma except three counties. That part of the contract material to be considered on this appeal attached as an exhibit to the plaintiff's petition is as follows:

"1. The party of the first part hereby grants to the party of the second part, subject to the terms and conditions hereafter mentioned, the right to sell Marion automobile casings of fabric construction, and tubes, except to manufacturers of pleasure and commercial vehicles, in the following territory, to wit: The entire state of Oklahoma except Beaver county, Texas county and Cimarron county.

"In consideration whereof the party of the second part agrees to buy, sell and distribute exclusively the said goods of the first party and to make every effort in promoting their sale within said territory."

The trial court sustained a general demurrer to the plaintiff's petition, and the plaintiff, having elected to stand upon its petition, judgment was entered dismissing the plaintiff's cause of action, exceptions allowed, and this appeal is prosecuted to reverse the judgment of the trial court.

Counsel for the plaintiff in error states in his brief that his case turns upon the construction of the contract entered into between the parties, the plaintiff contending that the provisions of the contract, supra, were ambiguous, in that the word "exclusive"

was not used in granting to the plaintiff the right to sell the casings and tubes of the defendant. We are unable to concur in the contention made by counsel for the plaintiff in error. There was no allegation in the petition that the plaintiff, in entering into the contract, was in any way misled by reason of any fraud or misconduct. We fail to observe any ambiguity in the terms of the contract. No contention is made that it was the intention of the parties on the date of the execution of the contract to have used the word "exclusive" in granting to the plaintiff the right to act as the agent of the defendant in distributing the casings and tubes of the defendant. A contract granting an exclusive agency is quite a different contract to one merely creating an agency. It is a well-settled rule of law that if the language of a contract is such as to clearly show the intention of the parties, then there is no need to apply any technical rules of construction. That in this situation there is no room for construction. Strange et al. v. Hicks et al., 78 Okla. 1, 188 Pac. 347.

Where a contract has been reduced to writing, and the language of such contract is clear, plain, and definite. the intention of the parties must be ascertained from the written contract alone, if possible, and it is beyond the province of courts to make a different contract for the parties than that executed by construction. Romans v. Shannon, 80 Okla. 199, 195 Pac. 298.

Counsel contends that he was entitled to establish by evidence that on the date of the execution of the contract there existed a custom to give exclusive territory to distributors of casings, but this contention of counsel is untenable; no custom or usage was pleaded. Evidence of custom is not admissible relating to a transaction which is controlled by a contract plain and unambiguous in its terms. Vol. 27, R. C. L. 169, sec. 18; Bower-Venus Grain Co. v. Norman Milling & Grain Co., 84 Okla. 105, 207 Pac. 297.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KANE, and NICHOLSON, JJ., concur.