## BLOTZ-HENNEMAN SEED CO. v. CARROLL-BROUGH-ROBINSON & HUMPHREYS.

No. 16284—Opinion Filed March 9, 1926.

**1. Appeal and Error—Review—Conclusiveness of Findings in Law Action.**

In a law action, where a jury is waived and the cause is submitted to the court, the findings and judgment of the court will not be disturbed on appeal, where there is any evidence reasonable tending to support the same.

**2. Sales—Damages for Failure to Deliver—Sufficiency of Evidence.**

Record examined, and held, that the findings and judgment of the trial court are reasonably supported by the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Carroll-Brough-Robinson & Humphreys against Blotz-Henneman Seed Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Tolbert, Hunter & Tolbert and Livingston N. Taylor, for plaintiff in error.

A. J. Welch, for defendant in error.

Opinion by JARMAN, C. On June 17, 1922, Carroll, Brough, Robinson & Humphreys, a corporation, hereinafter referred to as plaintiff, entered into a written contract with Blotz-Henneman Seed Company, a corporation, hereinafter referred to as defendant, whereby the plaintiff purchased from the defendant 800 bags, 100 pounds, each, of beans at $4.75 per bag, to be delivered f. o. b. Clayton, N. M., for shipment to the plaintiff at Clinton, Okla., during the month of October, 1922. Only 400 bags of the beans were delivered. The plaintiff commenced this action to recover damages suffered by the failure of the defendant to deliver the remaining 400 bags of beans according to contract. A jury was waived and the cause was submitted to the court, resulting in a judgment for $1,700, from which the defendant has appealed.

The general proposition urged for a reversal of the judgment of the trial court is that the evidence of the plaintiff is insufficient to warrant a judgment in favor of the plaintiff, and that the trial court erred in overruling

the defendant's demurrer to plaintiff's evidence.

Under this assignment, the defendant contends that the plaintiff wholly failed to prove the market price of the beans at Clinton, Okla., at the time of the alleged breach of the contract, and, therefore, there was no basis established for determining the amount of damages suffered by the plaintiff. The record discloses that a representative of the plaintiff, during the month, when the beans were to have been delivered, went to Clayton, N. M., the point at which delivery was to be made, and found the market value of beans to be $9 per 100 pounds. Under this evidence, the plaintiff established a basis for computing the damages suffered, in compliance with the rule announced in the case of Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 Pac. 265, as follows:

"Where the breach of a contract of a sale of goods consists in the failure of the seller to deliver the goods, the measure of damages is ordinarily the difference between the contract price and the market price of the goods at the time and place of delivery. * * *"

The defendant next contends that the intentional, material, and fraudulent alteration of a certain check for $150, sent by the defendant to the plaintiff in full satisfaction of all claims arising from the contract of June 17, 1922, forfeited the original debt, and the plaintiff was not entitled to recover. In connection with this proposition, the evidence shows that negotiations were had by the defendant with the plaintiff to settle the controversy which arose over the failure of the defendant to deliver the remaining 400 bags of beans, and, on March 19, 1923, prior to the institution of this action, the defendant wrote a letter to the plaintiff offering to settle the controversy by paying to the plaintiff $150, and enclosed a check for that amount, bearing the following indorsement: "Indorsement of this check by payee releases this company of all or any claim arising from bean contract of June 17, 1922." Upon receipt of the letter and check, the plaintiff, by its attorney, erased said indorsement and indorsed the check in blank and deposited the same in a local bank at Clinton for clearance, and, at the same time, wrote the defendant a letter advising it that the indorsement on the check had been erased, and that the plaintiff declined to accept the proposition of $150 as payment in full of all claims arising out of the breach of the contract on the part of the defendant by its failure to deliver the remaining 400 bags of beans, and submitted a counter proposition

that the plaintiff would accept $350 in full satisfaction of all claims, and advised the defendant if said counter proposition were acceptable, to forward check for the balance of $200. Upon receipt of this letter, the defendant caused the check for $150 on which the indorsement had been erased to be protested, and refused to accept the counter proposition of the plaintiff.

In support of the proposition that the intentional, material alteration of the $150 check not only avoided the check but forfeited the original consideration for which the check was given, to wit, the satisfaction of all claims growing out of the original contract, the defendant cites section 5083, C. S. 1921, which provides that an intentional, material alteration of a written contract by a party, entitled to a benefit under it, extinguishes all executory obligations of the contract in his favor against parties who do not consent to the alteration; and also cites section 7794, C. S. 1921, which provides that where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided as against all parties who have not assented to the alteration. Neither of these sections has any application to the state of facts involved here. In the first place, the check in question was not a contract between the parties; and, in the second place, this action is not predicated upon the check. The defendant also cites in support of this proposition a number of cases announcing the rule that, where the holder of a written instrument materially alters the same with the intent to defraud his debtor, no recovery can be had upon the instrument nor upon the original consideration for which it is given. Most of the cases cited deal with instances where the holders of notes fraudulently altered the same in a material respect and the court held that no recovery could be had upon such notes nor upon the indebtedness for which the notes were given. The rule contended for would not control here, because there is no evidence to show that the erasure of the indorsement upon the check for $150 was made with any fraudulent intent on the part of the plaintiff, but, on the contrary, the actions of the plaintiff in connection with the erasure of said indorsement negative a fraudulent intent. At the same time the erasure was made, the attorney for the plaintiff wrote to the defendant advising that the indorsement had been erased and that the plaintiff would not accept the $150 check in full satisfaction of its claims, and submitted to the defendant a counter proposition—thus giving the defendant ample notice of the erasure so

it could protest the check, if the proposition of the plaintiff was not accepted.

The evidence was ample to support the judgment of the trial court, and the demurrer of the defendant to plaintiff's evidence was properly overruled. For the reasons given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 35 Cyc. p. 631.