## SOONER DISTRIBUTING CO. v. LANGLEY.

No. 28086.    May 3, 1938.

Rehearing Denied June 14, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 28, 1938.

Butler, Brown & Rinehart, for plaintiff in error.

Bob Howe, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the court of common pleas of Oklahoma county. The action was instituted by the defendant in error, hereafter referred to as plaintiff, against the plaintiff in error, hereafter referred to as defendant, to recover the sum of $1,324 as damages to the person and property of plaintiff and alleged to have been sustained as the result of the negligence of a servant, agent, or employee of the defendant in the operation of a truck belonging to it. The plaintiff alleged that one of the defendant's trucks had collided with his automobile, and after wrecking it and inflicting injuries on his person, that said truck had driven away without stopping. The defendant denied that any of its trucks had struck the automobile of the plaintiff and alleged that all of its trucks were elsewhere at the time of the collision of plaintiff's automobile with a truck, and that the plaintiff was mistaken in regard to the identity of the truck which had collided with his car. Trial was had to a jury. The plaintiff in support of his claim testified, in substance, that at about 11:30 p. m., on November 1, 1936, his automobile was struck by a semitrailer type of truck with a yellow van which was proceeding toward Oklahoma City on the Edmond-Guthrie cut-off at a point near Spring Lake on said highway. A night watchman, who was stationed a short distance up the highway, testified for the plaintiff, and stated that he had observed a truck such as described by the plaintiff passing down the highway toward Oklahoma City a few moments before hearing a crash, and that said truck had a yellow van and on the side thereof the word "Sooner" in boxcar letters and some words in smaller letters beneath; that on hearing the crash he proceeded immediately to the spot whence the sound came and found plaintiff sitting in the wreckage of his car

and bruised and bleeding. Plaintiff also introduced evidence as to the damage done his car and to his person and some evidence as to an investigation conducted at the office of the defendant with reference to the movements of its trucks on the night in question. The defendant demurred to the evidence of the plaintiff, and when its demurrer was overruled introduced evidence in an effort to substantiate its claim that none of its trucks had been involved in any accident on the night of November 1, 1936, either with the car belonging to the plaintiff or with any other vehicle, and in this connection it called the operators of its various trucks who had driven over the highway on the night of plaintiff's alleged accident, each and all of whom testified positively that they had not been involved in any accident whatsoever on said night. The defendant also introduced records kept at its Oklahoma City terminal which showed the arrival and departure of its trucks and which tended to substantiate its claim that none of its trucks were on the highway at the point and time where the injury of plaintiff occurred. The defendant placed its manager on the stand and he testified that the trucks belonging to and operated by the defendant were of the type described by the plaintiff and his witness, the night watchman, and that the vans were painted yellow and had in large letters on their side the single word "Sooner" and below in smaller letters the names of the various cities between which the trucks operated, and that the trucks did not carry any part of defendant's corporate name except the word "Sooner." The motion of the defendant for directed verdict in its favor was denied. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $500. The defendant appeals from the judgment rendered on the verdict and the order which overruled its motion for new trial. Ten specifications of error are assigned by the defendant and presented and discussed under four propositions which are substantially as follows:

"(1) The defendant's demurrer to the evidence of the plaintiff should have been sustained.

"(2) The plaintiff failed to prove any agency on the part of the driver of the truck which struck his automobile.

"(3) Under the proof of the defendant a verdict should have been directed in its favor.

"(4) The court erred in giving certain instructions."

The first contention advanced by the defendant would be meritorious were it not for the fact that the deficiency in plaintiff's evidence was corrected and supplied by evidence subsequently introduced by the defendant. The description of the truck involved in the accident with the plaintiff as testified to by the night watchman corresponded exactly with the description given by the defendant's manager of the trucks which belonged to and were operated by the defendant. In view of the defendant's evidence that its trucks carried on them only the word "Sooner" and no part of its corporate name it is not remarkable that the plaintiff's witness could not testify as to whether the truck which he observed on the night of the accident belonged to the Sooner Distributing Company, Inc., or to some other corporation of a similar name. The defendant's evidence, however, dispelled any doubt on this score, and in so doing cured the error which the court had committed in overruling its demurrer to the plaintiff's evidence. See Beard v. Davis, 57 Okla. 17, 156 P. 631; Gulf, C. & S. F. R. Co. v. Beasley, 67 Okla. 27, 168 P. 200; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 P. 265; Burt Corporation v. Crutchfield, 153 Okla. 2, 6 P.2d 1055.

In view of the fact that the defendant at all times insisted that none of its trucks were involved in the collision with the plaintiff's automobile, and the positive testimony which it introduced to show that on the night in question all of its trucks were accounted for and were in the possession and under the control of its responsible agents, servants, and employees, we are of the opinion that the defendant's second contention is without merit. The defendant by its evidence eliminated any question of agency or of the scope of the employment of the operators of its trucks from consideration, and thus in effect told the jury that if they found that the plaintiff's automobile had been struck by one of the defendant's trucks at the time and place claimed by the plaintiff, then such truck was under the control and operation of defendant by one of its authorized agents, servants, or employees. In other words, the contested question was whether the truck which had collided with the plaintiff was one belonging to the defendant.

The defendant next contends that its motion for a directed verdict in its favor should have been sustained for the reason that its proof conclusively established its claim that none of its trucks had been or could have been involved in the collision with the plaintiff's car. In this assumption we think that the defendant was mistaken. The evidence of the defendant was sufficient merely to raise a question as to the credibility of the witnesses and the weight to be given the testimony of such witnesses. Both of these questions were purely matters for the consideration of, and determination by, the jury. A defendant is entitled to a directed verdict only when the evidence, together with all of the inferences which may be reasonably deduced therefrom, is insufficient to support a verdict in favor of the plaintiff. Abbott v. Dingus, 44 Okla. 567, 145 P. 365; St. Louis & S. F. R. Co. v. Clampitt, 55 Okla. 686, 154 P. 40; Kinney v. Grooms, 63 Okla. 164, 163 P. 531.

As a final contention the defendant urges that the court erred in giving instructions Nos. 6, 10, and 11 to the jury. The vice in the 6th and 11th instructions is urged to be in the lack of any evidence to connect the defendant with the plaintiff's injury. This merely reiterates the claim of the defendant that a verdict should have been directed for it. In view of what has heretofore been said, it is unnecessary to discuss this feature of the matter further. Instruction No. 10, as given by the court, instructed the jury with reference to the permissible weight and speed of trucks when operated upon the highways of this state, and standing alone was erroneous, since the weight and speed of the truck which caused plaintiff's injury was not an issue in the case; but we do not think that the instruction thus given was such as would mislead or influence the jury in arriving at their verdict, and therefore not such an error as would violate a substantial statutory or constitutional right of the defendant. Under these circumstances, the error should be held harmless in view of the provisions of section 3206, O. S. 1931. The instructions given by the court otherwise appear to be harmonious and free from any fundamental error. Since no prejudicial error is shown in the record before us, the judgment of the trial court should not and will not be disturbed.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.