St. Louis & S. F. R. Co. v. Loftis.

No. 293.   Opinion Filed January 11, 1910.

(106 Pac. 824.)

1.   TRIAL—Demurrer to Evidence—Refusal — Supplying Defects. Where a demurrer to plaintiff's evidence is overruled, although, on account of some omission in the testimony, it should have been sustained, if thereupon the defendant proceeds to offer testimony, and, in so doing, supplies the omission, the error in the ruling on the demurrer is corrected; and if, upon all the testimony in the case, the judgment was properly rendered, it will not be disturbed on appeal.

2.   **NEGLIGENCE—Question for Court and Jury.** In cases involving negligence, when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the question is for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is considered one of law for the court.

(Syllabus by the Court.)

*Error from District Court, Marshall County; D. A. Richardson, Judge.*

Action by H. L. Loftis against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Flynn & Ames* and *W. C. Mitchell,* for plaintiff in error.— Citing: *Chicago, R. I. & P. Ry. Co. v. Woodward* (Ind. Ter.) 35 S. W. 240; *St. Louis & S. F. R. Co. v. Zachary,* 53 S. W. 327; *Chicago, R. I. & P. Ry. Co. v. Huggins,* 69 S. W. 846.

*Summers Hardy* and *William M. Franklin,* for defendant in error.—Citing: *Cain v. Gold Mt. Mining Co.* (Mont.) 71 Pac. 1004; *Elmendorf v. Golden* (Wash.) 80 Pac. 264; *Power v. Stocking,* 68 Pac. 859; *Columbia & P. S. R. Co. v. Hawthorne,* 144 U. S. 202; *Gulf, C. & S. F. Ry. Co. v. Washington,* 49 Fed. 347; *Gulf, C. & S. F. Ry. Co. v. Johnson,* 54 Fed. 474; *Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481; *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626.

HAYES, J.   This action was commenced by H. L. Loftis, hereinafter called plaintiff, against the St. Louis & San Francisco Railroad Company, hereinafter called the Railroad Company, in September, 1907, in the United States Court for the Southern District of the Indian Territory at Tishomingo, where it was pending at the time of the admission of the state. After the admission of the state, it was transferred to the district court of Marshall county, where a trial resulted in a judgment for plaintiff. Plaintiff seeks to recover damages for two mules which he alleges were killed by the Railroad Company while operating its

Vol. 25—32

engine and cars between the towns of Madill and Randolph in this state. He charges that the company carelessly and negligently operated one of its trains so that the same ran against and over two of his mules, resulting in the immediate killing of one, and in so injuring the other that it had to be killed.

When plaintiff rested his case, the Railroad Company demurred to his evidence, and the court overruled the demurrer. The Railroad Company now urges said ruling of the court as its first assignment of error. After the court overruled its demurrer, the Railroad Company introduced its evidence, and plaintiff submits, as a counter proposition to the first assignment of error, that the Railroad Company, by the introduction of evidence in support of its defense, has waived any error the court may have committed in overruling its demurrer to plaintiff's evidence. The exact question presented by plaintiff's counter proposition, so far as we are informed, has never been passed upon in this jurisdiction, and upon it, as upon almost every other question of practice that is presented to appellate courts, there is a division among the authorities. The rule which appears to us to be supported by the best reason, and is most conducive to the expedition of litigation and the administration of justice, is that, where a demurrer to plaintiff's evidence is overruled, when, on account of some omission in the testimony, it should have been sustained, and thereupon defendant proceeds to offer testimony, and in so doing supplies the omission, the error in the ruling on the demurrer is corrected, and if, upon all the testimony in the case, the judgment was properly rendered, it will not be disturbed on appeal. *Atchison & N. Ry. Co. v. Reecher,* 24 Kan. 228; *C., R. I. & P. Ry. Co. v. Doyle,* 18 Kan. 58; *Simpson v. Kimberlin,* 12 Kan. 579; *Weber v. Kansas City Cable Ry. Co.,* 100 Mo. 194, 12 S. W. 804, 13 S. W. 587, 7 L. R. A. 819, 18 Am. St. Rep. 541; *Elmendorf v. Golden,* 37 Wash. 664, 80 Pac. 264; *Cain v. Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004. Under this rule this cause should not be reversed, although the court, at the time of overruling the demurrer, committed error, if the evidence subsequently introduced by defendant supplied the defect in

plaintiff's evidence. It will therefore be unnecessary for us to review separately plaintiff's evidence; and since, by the only other assignment urged, which is, that the court erred in overruling the Railroad Company's motion for a peremptory instruction, we are required to review the entire evidence, we may consider both assignments together.

The mules were injured in the night by one of the company's north-bound freight trains. The night was clear, and the moon shining bright. The mules entered upon the company's right of way near a road crossing. The track north of the crossing for a distance of from 200 to 300 yards is straight. At that point is a slight curve. North of this curve the track is practically straight for about a quarter of a mile, where there is another curve. North of the second curve, for a distance of from a quarter to a half of a mile, to the point where the mules were found, the track is straight. The mules, after being struck, were dragged upon the track for a distance of from 100 to 300 yards. They ran upon the track ahead of the engine a distance of about 300 yards before being struck. A witness for plaintiff, who was traveling along the public highway lying east and parallel to the company's track, testifies that his attention was first attracted to the train by its whistling when he was at a point about a quarter of a mile from the track and train; that there was no obstruction between him and the track; that when he first saw the train, it was moving rapidly, but began immediately to slow down and came to a standstill, and was whistling all the time; that from the point where the train stopped, the track was straight for a distance of between 300 and 500 yards in the direction of the place where the mules were found after the accident; that the train, after stopping, immediately started, ran slowly, and continued to whistle for a distance of from 100 to 200 yards. This witness did not see the mules. He testified that the train stopped only once; that at the time when he observed the train he saw another train coming in the rear of this train at a distance of one mile or more. There is evidence of other witnesses tending, in some particulars, to corroborate the testimony

of this witness. The fireman, who was on the engine that·struck the mules, testified on behalf of the Railroad Company that his train on that night ran in two sections; that he was on the first section; that the mules were discovered upon the track some 200 or 300 yards ahead of the engine; that the whistle was blown and the bell rung, and the train brought to a stop four or five times before the mules were struck; that they continued to run ahead upon the tracks until he looked back and saw a train coming in the rear at a distance of less than a quarter of a mile; that when the engine was about 50 yards from the mules, the engineer opened the throttle at full·speed, and started as quickly as he could, and started with the deliberate intention of killing the mules; that this action was taken for the purpose of avoiding a collision with the train in the rear and wrecking the trains and injuring the employees.

It was the duty of the Railroad Company and its employees in charge of the train to exercise ordinary care and watchfulness to discover the mules upon its track, and when they were discovered to·use ordinary and reasonable care to avoid harming them. *G., C. & S. F. Ry. Co. v. Washington,* 49 Fed. 347, 1·C. C. A. 286. The burden of proof was upon plaintiff to show that his mules had been injured by the company's train, and the company, or its employees, had been derelict in the discharge of these duties, but such facts ·may be established by him by circumstantial, as well as by direct, evidence. *G., C. & S. F. Ry. Co. v. Washington, supra; G., C. & S. F. Ry. Co. v. Johnson,* 54 Fed. 474, 4 C. C. A. 447. ·When plaintiff established that the ·mules were found shortly after they were injured upon the company's right of way and near its track, and that the track at that place was straight, that ·the night was clear, and the moon was shining· bright, that there were no obstructions to prevent the·employees of the company in charge of the train from seeing the mules, that blood and hair were found scattered along the tracks for a distance of from 100 to 300 yards, indicating that they had been dragged by the train, and that there were tracks of the mules upon the roadbed and right of way, indicating that they

had been running for a distance of 200 or 300 yards before being struck, this was sufficient evidence to carry the case to the jury for it to determine whether the mules had been injured by the company, and whether such injury was the result of its negligence or of the negligence of its employees.

The Railroad Company, by its own evidence, admits the killing of the mules, but attempts to justify itself upon the ground that it used care, after discovering the mules, to avoid injuring them, and that it was necessary to run over them and knock them from the track in order to avoid wrecking the train and destroying human life. But there is conflict in the evidence as to the facts upon which the Railroad Company attempts to found its justification. Witnesses of the plaintiff testify that the train stopped but once, and this was at a distance of from a quarter to a half of a mile from where the mules were injured; that the train in the rear was more than a mile away. The Railroad Company's witnesses testify that the mules were first discovered when the train was within 200 yards of them; that the train was stopped four or five times; that the train in the rear was less than a quarter of a mile distant when the mules were deliberately struck. We cannot say upon this state of the evidence that there is no conflict, and that all reasonable men would draw the same inferences. The jury might have believed the witness for plaintiff when he said that the train was stopped only once, and that the train in the rear was more than a mile away. The fireman admits that the mules were deliberately run over. The jury may have not believed his explanation as to why they were deliberately run over. They may have believed that the employees of the company were prompted to do so by the obstinacy of the mules in continuing to run upon the company's tracks. Such an inference from the evidence could not be said by this court to be unreasonable. From all the evidence it appears that, from the time the mules could have been discovered by the use of ordinary care, the train was within the complete control of the engineer. It was a light train, and was brought to a complete stop more than a quarter of a mile from where the mules were

found, after which it proceeded, and struck them. After establishing by its own witnesses that the mules were discovered a sufficient length of time before they were struck for their injury to have been avoided by the use of ordinary care, the burden then was upon the company to show the special circumstances in connection with the operation of its trains which rendered it unsafe to do those things which, under different circumstances, in the exercise of ordinary care, the company would be required to do to avoid the injuries. The issues were submitted to the jury under instructions of which no complaint is made. The verdict was for plaintiff, and this verdict was by trial court, upon motion for a new trial, sustained. Under the rule announced by this court in *M., K. & T. Ry. Co. v. Shepherd*, 20 Okla. 626, 95 Pac. 243, that, when a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence or not, the determination is for the jury, and that it is only where the facts are such that all reasonable men draw the same conclusions from them that the question of negligence is considered one of law for the court, we think the trial court committed no error.

The judgment of the lower court is affirmed.

All the Justices concur.