## MUSKOGEE VITRIFIED BRICK CO. v. NAPIER.

No. 1974.   Opinion Filed September 17, 1912.

(126 Pac. 792.)

1.  PLEADING—Reply—Necessity. A reply is unnecessary where it would merely repeat, in effect, the allegations of the petition.

2.  NEGLIGENCE—Actions—Question for Jury. On the question of primary negligence of defendant in a personal injury suit, where the evidence is such that reasonable men may fairly differ as to whether negligence is shown, the question should be submitted to the jury.

3.  MASTER AND SERVANT—Injuries to Servant—Evidence—Sufficiency. Where an employee operating a rock crusher was oiling certain cogwheels while the machinery was running, in obedience to the commands of the master, the cogwheels being left without guard or shield, it being practicable and feasible to have placed guards or shields over them, and the belt on the large drivewheel near by came in contact with timbers above it, and splinters, caused by such contact, struck plaintiff in the face, causing him to dodge to protect himself, and in doing so his hand was caught and crushed in the unguarded cogs, held, that the evidence justified the finding by the jury that, under the circumstances, it was negligence to leave the cogs unguarded, and that such negligence was the proximate cause of the injury.

4.  STATES—Injuries to Servant—Question for Jury—Contributory Negligence—Assumption of Risk. In a personal injury suit for damages, commenced since statehood, where the injury occurred prior thereto, section 1 of the Schedule to the Constitution does not exempt the action from the operation of section 6 of article 23 of the Constitution, which provides: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

(Syllabus by Brewer, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by W. Floyd Napier against the Muskogee Vitrified · Brick Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*N. A. Gibson* and *H. C. Thurman,* for plaintiff in error.

*Benj. Martin, Jr.,* and *Anselon Buchanan,* for defendant in error.

Opinion by BREWER, C. This is a suit for personal injuries received prior to statehood; the suit being brought since the erection of the state government. A trial in the district court on the —— day of ——, 1909, resulted in a verdict for the plaintiff below in the sum of $2,250.

The errors urged in plaintiff in error's brief, who will hereafter be referred to as defendant, may be grouped into the following: (1) Refusal to instruct a verdict for defendant at the close of plaintiff's evidence, and again at the conclusion of all the evidence. (2) The giving of instruction No. 9. (3) Refusal to give certain requested instructions. (4) Refusing to grant a new trial.

The petition, briefly stated, alleges for cause of action negligence upon the part of defendant in directing and requiring plaintiff to oil certain cogwheels while the machinery was running, and in failing to have a guard or protection over such wheels; also in overloading a floor with shale and rock, so as to cause a joist above the driving wheel to sag, so that the heavy belt working on the drivewheel came in contact with the joist, causing splinters and pieces of the joist to be torn off and thrown against plaintiff's face, from which he dodged and caught his hand in the unguarded cogwheels while the machinery was running; and that he was guilty of no negligence upon his part.

The defendant denied each allegation of negligence specifically; denied that it had ordered plaintiff to oil the cogs while in motion, and that if he was so injured it was because of his own negligence, and because he disobeyed ·orders of defendant in oiling the cogs while in motion.

The evidence shows: That plaintiff had been working at defendant's brick plant about five months. That his duties were to stand on a little platform in front of heavy iron wheels which ran over and pulverized shale and rock. These wheels, called "mullers," were run by a large cogwheel, which worked in some small cogs on a pinion. These cogwheels were located four or five feet high and in front of plaintiff. It was plaintiff's duty to feed the shale down a wooden trough into the mullers, and to oil the cogwheels. For several months the oiling was done before starting the machinery, and when so done there was no possible danger in the work. A short time before the injury, the small cogwheel on the pinion was replaced with a new one. These new cogs working into worn ones did not work smoothly, and this required oiling several times between starting and stopping times. The cogwheels were without guards or covering. There was evidence that after the new cogs were put on, plaintiff always stopped the machinery when it needed oiling, until a few days before the injury, when the manager came to him and commanded him to thenceforth oil the cogs without stopping the machinery; and that the manager demonstrated how it could be done by starting up the machinery and reaching over and oiling it while in motion, telling plaintiff to do it in a similar way in the future, or he would get some one who would do so. The plaintiff followed this command until he was hurt by getting his hand into the cogs. This was the only work ever done by plaintiff with or around machinery. The giving of this command was denied by defendant in the pleading and by the manager under oath. The plaintiff was corroborated in his testimony that it was given by another witness. There was some evidence that large quantities of shale were stored in the loft above where the belt worked, and that a short time before the injury the belt had been torn a little and repaired by the manager and plaintiff. Plaintiff said he thought the shale above had caused the joist to sag, so that the belt came in contact with it. This was excluded, because it was a conclusion. When injured, the machinery was in motion. Plaintiff, standing at his post of duty on the platform, saw the cogwheels emitting sparks of fire. He caught the lever

with one hand to steady himself, took a small paddle with grease on it in the other, leaned his body forward, and reached out his arm's length, and was oiling the cogs. While doing so in this position, the heavy belt above and just in front of him, and running at great speed, struck a joist under which it ran and tore pieces of splinters off, which struck plaintiff on the side of his face. Fearing that the belt would break, plaintiff dodged to protect himself and caught his hand in the cogs he was oiling. The hand had to be amputated. There was evidence that it would have been practicable to have placed guards over the cogwheels. There was evidence by both sides on all the material issues, and it was conflicting.

1. The defendant insists that it was entitled to a directed verdict, first, because no reply had been filed to new matter alleged in the answer; second, because there was no proof that defendant was negligent; third, because under the proof the court should have decided that the plaintiff had assumed the risk.

The first contention under this objection is without merit. The parties were at issue on all material matters. The plaintiff alleged that he had been ordered to oil the wheels while in motion; that he did so without any negligence upon his part. The defendant denied giving the order, and then alleged that plaintiff, in violation of its orders, was injured through his own negligence. This was merely a traverse of the allegations of the petition. The important thing was: Did he give the order, and was plaintiff negligent in obeying it? A reply is unnecessary where it would merely repeat, in effect, the allegations of the petition. *Pott v. Hanson,* 109 Minn. 416, 124 N. W. 17.

The next contention likewise is unsound. It is the settled law in this state that on the question of primary negligence, where the evidence is such that reasonable men may fairly differ as to whether negligence is shown, the determination of such question is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusions from them that the question of negligence is considered one of law for the court. *St. L. & S. F. R. Co. v. Loftis,* 25 Okla. 496, 106 Pac. 824; *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626,

95 Pac. 243; *Neeley v. Southwestern C. O. Co.*, 13 Okla. 358, 75 Pac. 537, 64 L. R. A. 145; *Sans Bois Coal Co. v. Janeway*, 22 Okla. 425, 99 Pac. 153; *Mean v. Callison*, 28 Okla. 737, 116 Pac. 195; *Independent C. O. Co. v. Beacham*, 31 Okla. 384, 120 Pac. 969.

We think, after a careful reading of the evidence, that the minds of reasonable men might well differ on the question of whether or not defendant was negligent. The cogwheels were unguarded. Ordinarily, and if oiled while the machinery was at rest, they were probably safe and sufficient without a guard. If the defendant expected them to be oiled while running, they were unsafe without a guard; and the proof shows that a guard or shield was practicable. The defendant, however, insists that the proof shows that the tearing off of the splinters by the belt, causing plaintiff to dodge, was the proximate cause of the injury, and that the proof fails to show that defendant was negligent in that. It may be true that but for this fact the injury would not have occurred; but it may be answered that neither would it have occurred because of this fact if the cogs had been guarded. So, under the evidence, the jury may have concluded that leaving the cogs exposed, in connection with the orders to oil while in motion, was negligence, and the real, efficient, proximate cause of the loss of plaintiff's hand. *Bales v. McConnell et al.*, 27 Okla. 407, 112 Pac. 978, and the numerous cases cited and discussed.

The last question argued by defendant under this head—*i. e.*, that the court should have decided that under the facts shown plaintiff had assumed the risk—is predicated on an incorrect assumption of the law applicable to the case. It is assumed by defendant that, inasmuch as this injury occurred prior to statehood, section 6 of article 23 of the Constitution did not apply, and that, the laws in force in Indian Territory prior to statehood being applicable, the court should have decided, upon the evidence, that plaintiff had assumed the risk, and thereupon directed a verdict for defendant.

This question is no longer an open one in this court. In the case of *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969, *supra,* it is said:

"Section 1 of the Schedule does not exempt an action for damages for personal injuries, commenced subsequent to statehood, although the injury was inflicted prior thereto, from the operation of section 6 of article 23 of the Constitution, which provides: 'The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.'"

The questions of the negligence of the defendant, proximate cause, assumption of risk, and contributory negligence were submitted to and determined by the jury, under instructions of the court which, in our judgment, fairly stated the law applicable to the facts of the case.

2. The assignment that the court erred in giving instruction No. 9 of its charge, same being plaintiff's requested instruction No. 2, to the jury cannot be considered, because not properly before the court. The record fails to show that an exception was saved at the time the instruction was given.

3. The remaining point to be disposed of is the refusal of the court to give the jury the following instruction, asked by defendant:

"You are instructed that, even if the manager of the defendant company did instruct the plaintiff to oil the machinery while in motion, the plaintiff was not bound to place himself in a position of danger; and if he did so voluntarily place himself in a position of danger he thereby assumed the risk of injury, and if he was injured cannot recover."

This was not error. This instruction does not state the law. It is too narrow, and in effect tells the jury to find for defendant. It limits the whole matter to the question of whether there was danger, regardless of the degree of the danger, whether it was obvious, or was known, or ought to have been known, by the plaintiff. Labatt's Master and Servant, secs. 438-440. The case of *Dunlap & Taylor v. Flowers,* 21 Okla. 600, 96 Pac. 643, cited by defendant, does not apply. In this case the jury were instructed, as has been stated before, on the question of assumption of risk, and what would constitute the same.

Upon an examination of the whole case, we think the verdict of the jury is fully sustained by the evidence, and the judgment should be affirmed.

By the Court: It is so ordered.