## MITCHELL v. AARONSON.

No. 11588—Opinion Filed June 12, 1923.

### 1. Negligence—Jury Question.

It is the settled law of this state that on the question of primary negligence, where the evidence is such that reasonable men may fairly differ as to whether negligence is shown, the determination of such question is for the jury. It is only where the facts are such that all reasonable men must form the same conclusions from them that the question is considered as one of law for the court.

### 2. Same.

Where from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence or contributory negligence, such questions are properly for the jury.

### 3. Same—Contributory Negligence—Constitution.

Section 6. art. 23, Williams' Constitution, provides that: "The defense of contributory negligence * * * shall in all cases whatsoever be a question of fact and shall at all times be left to the jury."

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; John L. Coffman, Assigned Judge.

Action by Lillie Mitchell against Dave Aaronson for damages for personal injuries. Judgment for defendant, and plaintiff brings error. Reversed, and remanded.

C. H. Rosenstein and W. C. Carrick, for plaintiff in error.

Twyford & Smith, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced in the district court of Tulsa county, Okla., on March 20, 1919, by

.the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. We shall hereafter refer to the parties as plaintiff and defendant, respectively, as they appeared in the trial court.

The plaintiff alleged in her petition, in substance, that on the evening of March 16, 1919, she was riding in a certain Ford car, sitting in the front seat on the right side, which said automobile was being driven on South Boulder street in the city of Tulsa, proceeding north at a rate of speed not in excess of eight miles per hour, and that the defendant carelessly and negligently backed his automobile out from the east side of Boulder street (where it had been previously parked) at a high and dangerous rate of speed, striking the automobile in which the plaintiff was riding with great force, inflicting certain wounds and injuries to the plaintiff as set forth in her petition, to the damage of the plaintiff in the sum of $10,000.

The petition also alleges that the automobile in which the plaintiff was riding, was being driven by one Ed Ritschell, and that the plaintiff was riding therein as a guest of said Ed Ritschell.

To the petition of the plaintiff, the defendant filed his answer, in which, in addition to a general denial, the defendant pleaded contributory negligence on the part of the driver of the automobile in which the plaintiff was riding, in that the same was being driven at a high and dangerous rate of speed, and at a rate of speed in excess of, and in violation of, the ordinances of the city of Tulsa, and that by reason thereof the accident was caused by the negligence of the driver of the automobile in which the plaintiff was riding.

There is evidence in the record on behalf of the plaintiff that in March, 1919, the plaintiff was residing in the city of Tulsa, and on the evening of March 16, 1919, she was riding in a certain Ford car, being driven by Ed Ritschell, being the guest of Mr. Ritschell, who was conveying the plaintiff from her brother's home to her own home. That said car was being driven north on the said Boulder street near the post office in the city of Tulsa, at which the accident in question occurred; that the defendant, whose car was parked on the east side of said street, backed his car out past the middle of the street, without giving any signal or warning before backing the same out, and that the back end of the defend

ant's car collided with and struck the car in which the plaintiff was riding, in which collision the plaintiff sustained certain injuries; that the car in which the plaintiff was riding was proceding at a rate of speed from six to eight miles per hour at the time of the accident.

There is also evidence in the record that an investigation of the accident was made by a police officer of the city of Tulsa immediately after the happening of the accident, who testified that the car of the defendant was eight feet, six inches beyond the center of the street, in the direction which he was backing when he hit the car in which the plaintiff was riding.

There is also evidence in the record that the defendant stated to this officer at the time that he had not been driving long, and that he did not have a tail light, or rear light, or at least such light was not burning.

There is no dispute as to the fact that plaintiff sustained injuries as a result of the accident. The defendant offered no evidence except the following portions of ordinances of the city of Tulsa:

"Vehicles Must Have Warning Devices. Certain Kinds Forbidden: Every bicycle, motor vehicle, street car engine, and machine in use upon the streets of the city of Tulsa, shall be equipped with good and sufficient brakes, and with a suitable gong, bell, horn, or other adequate signal in good working order, and of the proper size and character sufficient to give warning of the approach of such bicycle, motor vehicle, street car, engine or machine to pedestrians and to riders and drivers of other vehicles, and to persons entering or leaving street cars; but such gongs, bells, horns and other signals shall not be sounded except when necessary to give warning.

"Speed of Vehicles Regulated: It shall be unlawful for any person, driving or riding any horse, bicycle, or other vehicle, or operating or driving any motorcycle, motortricycle, or other motor vehicle of any character, or any street car, to drive, ride or operate the same upon any public street, or any public place in a reckless or imprudent manner, or in such manner or at such rate of speed as to endanger the property, life, or limb of any other person.

"Provided, that driving in excess of the following rates of speed for a distance of more than 200 feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent, but is reckless, to wit: Ten (10) miles per hour on the streets specified in section 1382, as the congested district."

It is admitted in the record by and between the respective parties that the place

where the accident occurred was in that portion of the city of Tulsa known as the congested district.

At the conclusion of all the evidence the court sustained a motion for a directed verdict, and directed the jury to return a verdict in favor of the defendant, although it is disclosed by the record that the court had at the conclusion of the plaintiff's evidence overruled a demurrer to such evidence.

In accordance with the directions of the court a directed verdict was returned by the jury in favor of the defendant and against the plaintiff, to which the plaintiff at the time duly excepted, and thereupon the court entered judgment in favor of defendant, and against said plaintiff upon the said verdict. Motion for new trial was overruled, and plaintiff's cause of action dismissed.

The petition in error contains two assignments of error, the first being:

"That the court erred in overruling plaintiff in error's motion for new trial."

—and the second being:

"That the court erred in directing the jury in said cause to return a verdict therein, in favor of the defendant in error."

Both assignments of error raise the same question, to wit: The error of the court in withdrawing the case from the jury, and directing a verdict in favor of the defendant in error and against the plaintiff in error. The question under these facts and the record is: Did the court err in directing the verdict for the defendant?

It is the settled law in this state that on the question of primary negligence, where the evidence is such that reasonable men may fairly differ as to whether negligence is shown, the determination of such question is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusions from them that the question of negligence is considered as one of law for the court. Muskogee Vitrified Brick Co. v. Napier, 34 Okla. 618, 126 Pac. 792; St. L. & S. F. R. Co. v. Loftis, 25 Okla. 496, 106 Pac. 824; M., K. & T. Ry. Co. v. Shepherd, 20 Okla. 626, 95 Pac. 243; Neeley v. Southwestern C. O. Co,, 13 Okla. 358, 75 Pac. 537, 64 L. R. A. 145; Sans Bois Coal Co. v. Janeway, 22 Okla. 425, 99 Pac. 153; Mean v. Callson, 28 Okla. 737, 116 Pac. 195; Independent C. O. Co. v. Beacham, 31 Okla. 384, 120 Pac. 969.

And where, under the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence, such questions are properly for the jury. Sans Bois Coal Co. v. Janeway, 22 Okla. 425, 99 Pac. 153; Texas Co. v. Robb, 88 Okla. 150, 212 Pac. 318.

After an examination of the record in this case, we think the minds of reasonable men might well differ on the question of whether or not the defendant was negligent, and that the question should have been determined by the jury.

The defendant in error has filed no brief, but we gather from the record that the evidence introduced by him was for the purpose of showing that the driver of the car in which the plaintiff was riding at the time of the accident was guilty of contributory negligence, and that this evidence was not disputed.

But the question of contributory negligence is under all circumstances a question of fact for the jury.

"Section 6 of article 23 of the Constitution (William's Ann. Const. Okla. sec. 355), provides that: 'The defense of contributory negligence or of assumption of risk, shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury,' constitutes the jury the tribunal to determine these defenses." Chicago, R. I. & P. Co. v. Hill, 36 Okla. 541, 129 Pac. 14.

We are of the opinion that there was sufficient evidence of negligence to take the case to the jury, and therefore the case should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.