### SCANLAN v. BARKLEY et al.

No. 8176—Opinion Filed Feb. 18, 1919.

(178 Pac. 674.)

(Syllabus.)

1. **Pleading—Objection to Evidence — Sufficiency of Counterclaim.**

The objection to certain evidence because the same is incompetent, irrelevant, and immaterial is not sufficient to test the sufficiency of the petition, counterclaim, or set-off, or whether it is a proper subject of litigation in the controversy, when the counterclaim or set-off has not been tested by demurrer, motion or an objection to the introduction of any evidence, on the ground that the pleading does not state a cause of action or any defense.

2. **Appeal and Error — Admission of Evidence—Review.**

Whether the court erred in the admission of testimony will not be considered, when no objections are made to the introduction of the testimony when offered.

Error from County Court, Creek County; Vick S. Decker, Judge.

Action before justice of the peace by D. F. Scanlan against J. J. Barkley and others. From a verdict and judgment of the county court, on appeal, in favor of defendants, plaintiff brings error. Affirmed.

McDougal, Lytle & Allen, for plaintiff in error.

Pryor & Rockwood, for defendants in error.

McNEILL, J. This was an action originally brought in a justice of the peace court of Creek county, by plaintiff against defendants for $200, being the amount claimed to

be due for rent on certain premises. To the bill of particulars filed by the plaintiff, defendants filed their answer, which was a general denial, and pleaded nine different items, for money due on counterclaims or set-offs. No further pleadings were filed. The cause was tried in the justice of the peace court, and from there appealed to the county court, and there tried to a jury, the jury returning a verdict for the defendants in the sum of $94.30. Each side introduced their evidence with practically no objections. No exceptions were saved to any instructions given, and none requested, and on this state of the record, we are asked to reverse this case.

The attorneys for plaintiff in error, who appealed the case, did not try the same in the court below, but urge only two questions: First, the introduction of incompetent, irrelevant, and immaterial and prejudicial testimony by defendant in error; second, the giving of instruction No. 5.

No doubt a great number of the counterclaims or set-offs, had they been tested in the proper way or manner, would have been held insufficient, and not the proper subject of litigation as a counterclaim or set-off. The plaintiff failed to test the sufficiency of the same, either by demurrer, motion, or objection to the introduction of any evidence, for the reason that the same were insufficient to state a cause of action or defense, or not the proper subject of litigation in said case. Having waived his right to test the sufficiency of the same in the lower court, it cannot be assailed for the first time in this court. Practically the only objections that appear in the record to have been made in the trial, and not sustained by the court, are set out in the plaintiff in error's brief, which is as follows, to wit:

"Q. Now, this contract that you made with Scanlan, did you negotiate that, or your brother? A. My brother.

"Q. Did you know anything about it before you moved to the place? A. No, sir.

"Q. What was the condition of that place with regard to scattering trees and down timber?

"Mr. Addle: We object to that as incompetent, irrelevant, and immaterial. They took the place as they found it; if they didn't like it, they could rescind and move off. (Objection is by the court overruled. Exceptions allowed.)

"Q. What was the condition of the place with regard to fallen timber? A.: Well, there was all kinds of timber on it, big timber, and it taken two teams to move some of it, and some of it two teams couldn't move it, and it taken us several days to clean this ground up so we could plow it with any satisfaction. I always found out that I couldn't farm around logs and everything like that.

"Q. And you did clean it up? A. Yes, sir.

"Mr. Addle: Now, we move to strike out all the testimony of this defendant with reference to the condition of his land. (Motion is by the court overruled. Exceptions allowed.)

"Q. Now, you did clean it up, you and your brother? A. Yes, sir."

This evidence was competent to prove the allegations of the counterclaim as pleaded, but the plaintiff in error contends that by reason of the fact that the allegations of the counterclaims were not subjects of litigation, or not properly pleaded as counterclaims or setoffs this evidence becomes incompetent, irrelevant, and immaterial. This court has held in the case of Wyman v. Herard, 9 Okla. 35, 59 Pac. 1009:

"Where affirmative relief is sought by the counterclaim, to which the plaintiff replies, he cannot afterward take advantage of the fact that a counterclaim is insufficient in law, or that there are other parties to the action. The same rules of pleading apply in this respect to a counterclaim as to a petition, and if either the counterclaim or the petition be insufficient, or defective for want of parties, the defect must be taken advantage of by demurrer. Otherwise, it is waived."

The plaintiff below failed to object to any of the evidence offered on behalf of the counterclaims, except the evidence set out above. The objections were not sufficient to test the question of the sufficiency of the allegations of the counterclaims or set-offs. The evidence was material according to the pleadings, the sufficiency of which had not been tested. The balance of the testimony was introduced practically without objection. This court has held in the case of Eichoff v. Russell, 46 Okla. 512, 149 Pac. 146:

"Whether the court erred in the admission of testimony will not be considered, where no objections are made to the introduction of the testimony when offered."

The objections offered above were not sufficient to test the sufficiency of the counterclaims or setoffs, or to save any exceptions in the record, so far as the merits of the case are concerned, and if the evidence was competent under the issues as formed, the introduction of the same is not reversible error. Where parties, without objection, submit all issues to a jury, without testing the sufficiency of the pleadings in any way,

nor excepting to the instructions, they cannot be heard to complain, on appeal, of errors of law occurring at the trial.

The second assignment of error is that the court erred in giving instruction No. 5. No objection was made, or exception taken, to the giving of this instruction, nor to any of the instructions; therefore the same cannot be reviewed upon appeal.

The judgment is therefore affirmed.

All the Justices concur.