## CARDWELL-LYMAN SALES CO. v. LIEBMAN et al.

No. 14483—Opinion Filed May 5, 1925.

**1. Contracts — Ambiguity — Interpretation —Instructions—Statute.**

In the trial of a law action involving the interpretation of a contract couched in ambiguous language, it is not error for the trial court to incorporate in its instructions the substance of Comp. Stat. 1921. sec 5057. where the proof shows that the doubtful language of the contract was placed therein by the party to the contract, now seeking to deny the general and ordinary meaning thereof and to limit its force and effect.

**2. Appeal and Error — Questions Presented —Sufficiency of Evidence**

In a law case, where the only questions presented by the petition in error and briefs involve the sufficiency of the evidence to support the verdict and judgment, this court will not resolve any mere conflict in the testimony, and where there is evidence in the record which reasonably tends to support the verdict a judgment based thereon will be affirmed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County: J. I. Phelps, Judge.

Action by Cardwell-Lyman Sales Company against Paul G. Liebman and Paul E. Shelby, partners, to recover on their indorsement of certain promissory notes. Judgment for defendants, and plaintiff brings error. Affirmed.

Plaintiff filed its petition in the district court of Canadian county March 20, 1922, against the defendants in which petition it was alleged in substance that on or about March 22, 1920, defendants indorsed to the plaintiff three certain promissory notes, signed by C. E. Chivers, and that by reason of default in payment of said notes by the maker thereof, defendants became and are liable to plaintiff for the value thereof in the sum of $765.67, with interest at the rate of 10 per cent. per annum, and for the further sum of $76.56 as attorneys' fees as provided in said notes.

Defendants answered by a general denial, and specially pleaded that in a settlement between plaintiff and defendants entered into May 19, 1920, defendants were released from any and all liabilities to the plaintiff by reason of any and all transactions theretofore had between the parties, including the indorsement of the notes sued on in this action, and prayed that plaintiff take nothing by reason of its action herein. There was a reply filed by the plaintiff consisting of a general denial, and on the issues thus formed the case was tried to the court and jury December 6, 1922, resulting in a verdict and judgment in favor of the defendants. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, re-

spectively, as they appeared in the trial court.

Babcock & Trevathan, for plaintiff in error.

H. L. Fogg and J. C. Snyder, for defendants in error.

Opinion by LOGSDON, C. This proceeding in error is supported by a brief which fails to point out the specific errors complained of, and it is only by reading the entire brief that this court has been able to determine the grounds on which reversal of the judgment is sought The argument in the brief is general and covers the entire case, but nowhere directs this court's attention to any particular assignment of error. On pages 9, 10, and 11 of plaintiff's brief instructions 4 and 5 of the court's general charge to the jury are copied in full, and it is stated that plaintiff in error excepted to instruction No. 5. An examination of the instructions contained in the case-made discloses that instruction No. 5 was duly excepted to and exception allowed as stated in the brief. This paragraph of the instructions reads:

"You are further instructed that where a doubt or uncertainty arises as to what the parties meant and intended by the use of certain language in a contract, that such uncertain language will be construed most strongly against the party who prepared or wrote the contract and employed the particular words concerning which doubt arises; and, where any part of the contract is doubtful or uncertain as to its meaning, and as to what was intended by the parties, then the intention of the parties must be determined from evidence showing the circumstances under which the contract was made, the subject-matter to which it relates, and it is your duty to determine in this case from all the facts and circumstances which have been permitted to come to you by the court whether or not, when the contract involved in this case was prepared, it had been agreed by the parties thereto in the negotiations leading up to the preparation of the contract that it was intended that the defendants were to be released from liability from notes which they had indorsed, including the notes sued on; that is, you are to determine whether or not the words used in the contract, to wit: 'closes all contracts between the parties herein mentioned,' were meant to include the notes herein sued on."

The complaint made of this instruction is of that portion wherein this language is used:

"Where a doubt or uncertainty arises as to what the parties meant and intended by the use of certain language in a contract, that such uncertain language will be con-

strued most strongly against the party who prepared or wrote the contract and employed the particular words concerning which doubt arises."

The materiality of this instruction to the facts in this case arises upon the construction of the settlement agreement between the parties which was pleaded in the answer of the defendants. This settlement omitting date and signatures, reads as follows:

"This agreement made by and between Paul G. Liebman and Cardwell-Lyman Sales Co. Liebman to ship to Cardwell-Lyman Sales Co. at Oklahoma City 10 Model W. tractors and parts as per list and tractor numbers attached with draft and B-L attached for $3,502.80, which is full settlement of all discounts and claims due said Liebman and closes all contracts between parties herein named. 1 Model W to remain here the property of Cardwell-Lyman Sales Co."

The testimony shows that the notes sued on were executed by E. E. Chivers as a part of the purchase price of a certain tractor, and that the notes were payable to Cardwell-Lyman Sales Company. Defendants were agents for plaintiff in the sale of tractors and took these notes in due course of business in closing up this sale When the notes were forwarded by defendants to plaintiff for discount, plaintiff returned the notes to defendants with the request that defendants indorse the same. Why this should have been done, or why it was necessary, is not disclosed by the evidence as the notes were originally payable to the plaintiff and not to the defendants. However, defendants indorsed these notes about April 22, 1920, before the settlement agreement was entered into between the parties May 19, 1920. Upon the trial it was the contention of plaintiff that the settlement agreement did not include the liability of defendants to plaintiff by reason of the indorsement of these Chivers' notes, but that the settlement was intended to cover merely the agency contract between the parties for the sale of tractors and the Alamo lighting system. It will be observed that there is no more mention in the settlement agreement of the agency contract for the sale of tractors and lighting systems than there is of the indorsement contracts herein sued on. Neither is mentioned specifically in this settlement agreement. It is specifically stated that the settlement "closes all contracts between the parties herein mentioned." The language of this settlement agreement was sufficiently broad to include the indorsement contracts covered by this action if it was broad enough to cover the

agency contracts, because neither contract is specifically mentioned, but it is stated that the settlement closes all contracts between the parties. Plaintiff relies upon the general rule as to the construction of contracts to sustain its contention that the language of paragraph 5 of the court's instructions was erroneous in permitting the jury to draw its own conclusions from the evidence as to the proper construction to be placed upon the language of the contract by reason of the uncertainty of its language. Citations are copied from Page on Contracts and other authorities to show that the rule that a contract is to be construed strongly against the party who causes any ambiguity therein is not a favored rule of construction. This may be true as a general proposition, but plaintiff in this contention has overlooked the fact that our statute expressly requires this rule to be used in the construction of ambiguous contracts. Comp. Stat. 1921, sec. 5057, reads:

"In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. The promisor is presumed to be such party except in a contract between a public officer or body, as such, and a private party, in which it is presumed that all uncertainty was caused by the private party."

H. W. Cardwell, president of the plaintiff company, prepared the settlement agreement which was executed by the parties. The language of the court in its instruction No. 5, of which complaint is made, was merely an authority to the jury to apply the provisions of section 5057, supra, to the contract of settlement between the parties in determining its purpose and effect under all the evidence and circumstances in the case. There is no error apparent in this instruction of the trial court.

Notwithstanding the failure of plaintiff to specifically point out the errors relied on, the testimony preserved in the record has been carefully examined, and from this examination it appears that the verdict of the jury in favor of the defendants in this action is reasonably sustained thereby. The trial court heard all of the testimony and approved this verdict of the jury, overruled plaintiff's motion for a new trial, and entered its judgment based upon that verdict. There being ample evidence reasonably sustaining the conclusion reached by the jury the judgment of the trial court based thereon will not be disturbed in this court. It is not necessary to cite authorities.

The judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 797 (1926 Anno); (2) 4 C. J. pp. 844, 853.