## DAVIS, DIRECTOR GENERAL, v. JOHN L. ROPER LUMBER COMPANY.

### CERTIORARI TO THE SUPREME COURT OF APPEALS OF VIRGINIA.

No. 79. Submitted October 21, 1925.—Decided November 16, 1925.

1. A loss due to misdelivery of a shipment by the carrier is not included, as damage " in transit " or otherwise, within the classes of cases mentioned in the second proviso of the first Cummins Amendment, as to which classes it provides that no notice of claim nor filing of claim shall be required as a condition precedent to recovery. P. 161.
2. Section 10 of the Bills of Lading Act, which declares that a carrier delivering goods to any one not lawfully entitled to their possession shall be liable to any one having a right of property or possession in the goods, etc., does not excuse a shipper, whose goods were misdelivered, from compliance with a stipulation of his bill of lading relieving the carrier from liability if claim were not made within six months after a reasonable time for delivery had elapsed. P. 162.

138 Va. 377, reversed.

CERTIORARI to a judgment of the Supreme Court of Appeals of Virginia affirming a judgment for damages in an action against the petitioner for misdelivery of goods.

*Messrs. A. A. McLaughlin* and *R. M. Hughes, Jr.,* for the petitioner.

*Mr. Claude M. Bain* for respondent.

The shipment was in transit. *Blish Milling Co. v. Railway,* 241 U. S. 190; *Railroad v. Dettlebach,* 239 U. S. 588; *Erie R. R. v. Shuart,* 250 U. S. 465; *Michigan Central v. Mark Owen & Co.,* 256 U. S. 427; *Brown v. Western Union,* 85 S. C. 495; *Jennings etc. Co. v. Virginian Railway,* 137 Va. 207. The proviso is not limited to cases where there is actual physical damage. *Barrett v. Van Pelt,* 268 U. S. 85; *New York etc. R. Co. v. Peninsula Produce Exchange,* 240 U. S. 34; *Norfolk Exchange v. Norfolk Southern R. R.,* 116 Va. 466. The proviso is a part of § 20 of the Interstate Commerce Act. We see no good reason why the words "loss, damage or injury" should be construed actual physical damage in one part of the section and not in another part. The case comes within the proviso and no notice or filing of claim was necessary. *Barrett v. Van Pelt, supra; Gillette Razor Co. v. Davis,* 278 Fed. 864; *Hailey v. Oregon Short Line,* 253 Fed. 569; *Morrell v. Northern Pacific,* 46 N. Dak. 535; *Mann v. Fairfield Transp. Co.,* 176 N. C. 104; *Scott v. American Railway Express,* 189 N. C. 377; *Winstead v. East Carolina R.,* 186 N. C. 58.

The carrier is liable under the Bills of Lading Act, § 10. The cause of action is laid for carelessly and negligently delivering the shipment without surrender of the bill of lading; and for the failure and refusal of the defendant to deliver the shipment to the lawful holder of the bill of lading.

MR. JUSTICE BUTLER delivered the opinion of the Court.

There is here for review a judgment of the Supreme Court of Appeals of Virginia which affirmed a judgment

of the Court of Law and Chancery against petitioner for $1,046.88. 138 Va. 377. June 24, 1918, at New Bern, North Carolina, respondent delivered to petitioner, then operating the Norfolk Southern Railroad, a carload of scrap iron for transportation over that line and connecting lines to Clarksburg, West Virginia. Petitioner issued a bill of lading, consigning the shipment to the order of respondent, "notify George Yampolsky at Clarksburg." It contained a clause requiring surrender of the bill of lading properly endorsed before delivery of the property; and provided that, "Claims for loss, damage or delay must be made in writing to the carrier . . . within six months after delivery of the property, or in case of failure to make delivery, then within six months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." The shipment arrived at Clarksburg, July 15, 1918, and on that day was delivered to Yampolsky without surrender of the bill of lading and without the knowledge of the respondent, who at all times has been its lawful holder. No claim was made by respondent until March 5, 1920.

The Act of Congress of March 4, 1915 (known as the first Cummins Amendment), c. 176, 38 Stat. 1196, 1197, amending § 20 of the Act to Regulate Commerce, requires a common carrier receiving property for transportation in interstate commerce to issue a receipt or bill of lading therefor, and makes it liable to the holder for any loss, damage, or injury to such property, and contains these provisos: *"Provided further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damage in

transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

There is presented the question whether this case is one in which the right of recovery may be made to depend upon the making of claim as required by the bill of lading. The provisos in § 20 have been recently considered by this court in *Barrett* v. *Van Pelt*, 268 U. S. 85. It was there pointed out that the purpose of the second proviso is to take some cases out of the general rule declared by the first proviso. And, in view of the inapt language and defective structure of the second, it was held that the word, "damaged" should be read, "damage," and that the comma after "unloaded" should be eliminated. It was also held that "carelessness or negligence" is an element in each case of loss, damage, or injury there named. The judgment now before us was given prior to that decision. The state court held that the damage resulting to respondent from the misdelivery occurred while the shipment was "in transit," within the meaning of the proviso, and that therefore the provision of the bill of lading requiring claim to be made was invalid. It said that "in transit" means at any time after the property has been received by the initial carrier and before delivery in accordance with the contract of carriage.

But that view cannot be sustained. The loss was due solely to misdelivery; that is, "a failure to make delivery" in accordance with the bill of lading. *Georgia, Fla. & Ala. Ry.* v. *Blish Co.*, 241 U. S. 190, 195. As construed by this court the second proviso embraces three classes: (1) loss, damage, or injury due to delay, (2) damage while being loaded or unloaded, (3) damage in transit. Clearly, misdelivery is not in the first or second class. And, unless it is in the third class, the proviso does not apply. The context shows that the phrase, "in transit," was not intended to have the broad meaning attributed to it by the

. 80048°—26——11

state court.   In the proviso, claims on account of damage "while being loaded or unloaded" are separate and distinct from those for "damage in transit."   The creation of the former class would be wholly unnecessary and inappropriate if the latter is to be taken to include both classes.   Loading precedes, and unloading follows, transit. In the ordinary and usual meaning of the word, "transit" ends before delivery at destination.   Misdelivery is not mentioned in the proviso; and the language used is inconsistent with and negatives any intention to include claims for damages on account of misdelivery in the class defined as "damage in transit."

Respondent contends that under § 10 of the Bills of Lading Act, c. 415, 39 Stat. 538, 540, it was not necessary to comply with the requirement of the bill of lading.   The point is without merit.   That section provides: "Where a carrier delivers goods to one who is not lawfully entitled to the possession of them, the carrier shall be liable to anyone having a right of property or possession in the goods   .   .   ."   The rule of liability so declared is not inconsistent with the second proviso in § 20, which relates merely to the enforcement of liability.   The provisions of both acts are to be read together, and applied in harmony with the bill of lading.   More than nineteen months elapsed before respondent made any claim.   There is nothing in the statutory provisions relied on by respondent to excuse its failure to make claim within the time specified in the shipping contract.

*Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*