## UNITED FIG & DATE CO. v. CARROLL, BROUGH, ROBINSON & HUMPHREY.

No. 13876—Opinion Filed Jan. 19, 1926.

1. **Appeal and Error—Record Proper—Motion to Quash Service—Assignment of Error.**

The ruling of the trial court upon a motion to quash service is not a part of the record proper, and to have same reviewed on appeal, it must be brought up by casemade, and assigned in the petition in error, and where the party complaining urges such error in his brief without having made it an assignment in the petition in error, this court is without jurisdiction to consider it.

2. **Appeal and Error—Review—Sufficienc of Evidence.**

Where the sufficiency of the evidence to sustain the judgment, in a law case, is assigned as error and relied on for a reversal, this court will review the record, and if there is any evidence tending reasonably to support the judgment, the same will be affirmed.

3. **Appeal and Error—Necessity for Objections Below—Evidence.**

Whether the court erred in the admission of testimony will not be considered when no proper objections were made to the introduction of the testimony when offered. Scanlan v. Barkley, 72 Okla. 86, 178 Pac. 674.

4. **Appeal and Error—Liability on Supersedeas Bond.**

Under section 792, C. S. 1921, where the judgment of the trial court is affirmed, defendant in error is entitled to judgment against the surety on the supersedeas bond.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by Carroll, Brough, Robinson & Humphreys against the United Fig & Date Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. E. Darnell, for plaintiff in error.

A. J. Welch, for defendants in error.

Opinion by THREADGILL, C. This action was for breach of warranty and damages growing out of a buying and selling contract for 165 sacks of English walnuts, weighing 16,985 pounds, bought by defendant in error from plaintiff in error according to sample, at 21½ cents per pound. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in its petition that defendant was a nonresident of the state; that it ordered the nuts by letter, and attached a copy of the letter; that the nuts were worth 21½ cents per pound, but the nuts shipped with bill of lading attached were inferior to the nuts ordered, and were worth not exceeding 15 cents per pound; that plaintiff paid $4,651.77 upon receipt of the shipment, and tried to sell the same to its retail customers, but they were of such an inferior grade that they had to sell them at reduced rates, and it was damaged in the sum of $1,104, being the difference in the price paid and the value of the goods shipped and received, for which it asks judgment. The letter showing a memorandum of the contract is as follows:

"September 4, 1920. United Fig & Date Company, Chicago, Illinois. Gentlemen: I am in receipt of your letter of August 28th and will say that we now wish to cancel the entire order of August 11th and in its place we will ask you to ship the order attached, which is a minimum car of 30,000 pounds. We received the Jumbo-Shantung walnuts and found the samples to be very good, and we are substituting these in our order for the Marbots. Hoping to receive an early shipment of these goods, and thanking you for the courtesies extended to us, we are, Yours very truly, Carroll, Brough, Robinson & Humphrey. (³ TP VE By Geo. T. Pemberton, Sales Promotion Manager."

Plaintiff made affidavit that defendant was a nonresident of the state, and stated other facts asking for an attachment; also asked for garnishment against the Clinton State Bank, and by writ of garnishment caught $489.63 of defendant's money in the said bank, and thereupon obtained service by publication. Up to this point the action was one in rem, and the attachment and garnishment proceeding gave the court jurisdiction of the money garnished in the bank. There was a special appearance and motion to quash the service by publication on the ground that the same was not sufficient to confer jurisdiction, which was overruled, and defendant excepted. For answer to a motion by the defendant to make the petition more definite and certain, plaintiff stated:

"That the contract sued on was partly in

writing, partly in parol, and partly by implication, the contract being made up of the correspondence and the sample of nuts submitted for examination, and the order for the same, together with the legal implication of warranty that obtains in such cases."

Thereupon, defendant filed its answer consisting of a general denial. On April 11, 1922, the cause was tried to a jury. Plaintiff offered its evidence and rested. Defendant demurred to the evidence on the ground that it was not sufficient to sustain a judgment for any amount in favor of plaintiff. The court overruled the demurrer and the defendant excepted. Defendant offered no evidence, but rested. The court instructed the jury as to the law of the case without objection or exception on the part of the defendant. The jury found for the plaintiff in the sum sued for, and the court rendered judgment accordingly. Defendant filed its motion for a new trial alleging:

"(1) The said verdict is not sustained by the evidence, nor is there sufficient evidence to sustain the verdict. (2) The said verdict is contrary to the law. (3) Error of law occurring at the trial and excepted to by the defendant."

This motion was overruled, and defendant excepted and brings the case here by petition in error and case-made, asking for a reversal on three grounds:

"(1) The court erred in overruling the motion for a new trial. (2) The verdict and judgment are not sustained by sufficient evidence and contrary to the law. (3) There are errors of law occurring at the trial in the admission and exclusion of evidence."

1. After stating these assignments of error in its brief, plaintiff in error, under the head of argument and authorities, proceeds to present and discuss its special appearance and motion to quash the service by publication and the order of the court overruling the same. We do not find this question raised by the motion for a new trial, nor by the assignment of errors, in the petition in error, nor the assignment of errors stated in plaintiff's brief. It cannot be urged as an error of evidence, and it cannot be urged as an error occurring at the trial of the case, as the motion to quash was passed on by the court long before the trial was had. It is a well-known rule of this court that only such errors of the trial court will be considered on appeal as are stated in the petition in error and the assignments of error as set out in the brief. This rule is too well known to require citation of authority at this time.

2. Defendant's next contention is that the evidence is not sufficient to sustain the verdict and judgment for any amount in favor of plaintiff and against the defendant. The record discloses that the letter written as an order for the goods, and attached to the petition as a memorandum of the contract, was not denied by the defendant, and the facts therein stated may be taken as true. There was evidence showing that plaintiff received the amount of the goods ordered; that the bill of lading accompanied the shipment; that plaintiff paid the bill of $4,651,-.77 before unloading the goods; that the nuts were sold to the retail trade and found to be unsatisfactory on account of being unsound, and did not come up to the quality represented by the samples mentioned in the letter; that some of the nuts from the retail trade were returned to plaintiff. One of the witnesses testified as follows:

"Q. What would you say as to these nuts that you did receive were worth, if they were worth anything? A. I would say they were—that we wouldn't buy them at any price. Q. Well, could you tell the jury —give the jury an idea to the best of your information, as to the general commercial market price of these bad nuts, if they had any? A. For manufacturing purposes they might be worth half of the invoice price. Q. Not over that? A. Not over that—that would have been 11—10¾ cents—something like that."

This was some substantial evidence reasonably tending to show the true value of the goods and the breach of the contract of warranty on the part of defendant. Defendant did not offer any proof to the contrary. The verdict of the jury and judgment of the court allowed the defendant 15 cents per pound for the nuts and gave plaintiff $1,104 as damages for the breach of warranty.

We think the evidence is sufficient to reasonably support the judgment. The rule as stated in one of the recent cases, Cardwell-Lyman Sales Co. v. Liebam, 110 Okla. 21, 236 Pac. 16, is as follows:

"In a law case, where the questions presented by the petition in error and briefs involve the sufficiency of the evidence to support the verdict and judgment, this court will not resolve any mere conflict in the testimony, and where there is evidence in the record which reasonably tends to support the verdict, a judgment based thereon will be affirmed."

We are, therefore, of the opinion that defendant's contention as to the sufficiency of the evidence is untenable.

3. Defendant's third complaint is that the

court erred in permitting counsel for plaintiff to ask the witness, Pimberton, if the letter attached to the petition was the order for the nuts, and in further permitting an examination of the witnesses as to the matters contained in the letter, as well as those growing out of the letter; and the ground of this complaint seems to be based upon the contention that the letter was not offered in evidence. We have examined the record on this point, and it appears that the letter was pleaded as a part of the petition and as the order for the nuts and its execution was not denied by defendant. At the time the evidence was offered, defendant complains of, we find at page 41 of the record that the letter was read and formally offered in evidence, and a copy of it appears on the next page, and without objection or motion to strike on the part of defendant, and on page 44, we have a great many questions and answers concerning the letter and its contents and facts connected with it without any objections. Then defendant raised the question that the letter had not been offered in evidence and in that connection the court said:

"Well, the record is against you, I think, Mr. Darnell—there has been no formal offer but the statement was made without objection. Counsel for Defendant: What was it? The Court: The counsel offered it in evidence without objection."

Counsel then asked permission to enter objection to the introduction of the letter, and the court told him he would be permitted to interrogate the witness about the letter. There was no exception taken to this ruling of the court. There was no motion to strike the letter as evidence and no motion to strike the testimony of the witness as to matters contained in the letter and brought out in the examination, and it appears that counsel for defendant proceeded to cross-examine the witness as to these same matters. Under this state of the record, defendant cannot complain of the letter or the examination of the witness as to the facts connected with it. In the case of Scanlan v. Barkley, 72 Okla. 86, 178 Pac. 674, the rule is stated as follows:

"Whether the court erred in the admission of testimony will not be considered, when no objections are made to the introduction of the testimony when offered."

Upon the whole record, we think the defendant had a fair trial and the judgment should be affirmed.

4. Plaintiff has asked for judgment on the supersedeas bond given by defendant in taking the appeal. It appears that this bond was made in the sum of $2,208 with the United States Fidelity & Guaranty Company of Baltimore, Md., as surety. The bond is in the usual form and is incorporated in the case-made. It is conditioned to abide the judgment, pay the condemnation money, if the same be affirmed, and pay the costs. We are, therefore, of the opinion that plaintiff is entitled to judgment against said surety in the sum of $1,104, the amount of the judgment, with 6 per cent. interest per annum from April 11, 1922, until paid, and all costs, and for which judgment is rendered. Stepp v. Turner, 83 Okla. 139, 200 Pac. 994; Rumley v. Sanders, 62 Okla. 284, 162 Pac. 949.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1341 § 1479; 4 C. J. p. 180 § 1786. (2) 4 C. J. p. 853 § 2834. (3) 3 C. J. p. 808 § 730; 2 R. C. L. p. 77; 1 R. C. L. Supp. p. 385; 4 R. C. L. Supp. 79; 5 R. C. L. Supp. 68. (4) 4 C. J. p. 1306 § 3436.