## THE LAKE GAITHER.

District Court, S. D. New York. May 31, 1927.

**Shipping** ⟨⟩142—Delivery by ship without surrendering bill of lading, contrary thereto, held "nondelivery of entire consignment," requiring notice of claim.

For ship to deliver shipment of merchandise to buyer without requiring surrender of bill of lading, contrary to its provisions, is a "nondelivery of the entire consignment," for which, under another provision, neither carrier nor ship is liable, unless given notice within 10 days of discharge.

In Admiralty. Suit by Jacob Ringle & Son, Inc., against the steamship Lake Gaither, the Western Reserve Navigation Company, claimant, for damages for delivery of shipment of merchandise without surrender of bill of lading. Libel dismissed.

Larkin, Rathbone & Perry, of New York City (Donald C. Muhleman, Orville C. Sanborn, and R. B. Daniels, all of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (L. De Grove Potter, of New York City, of counsel), for the Lake Gaither.

THACHER, District Judge. The libelant shipped certain merchandise to Miami, Fla., for which the ship issued a bill of lading requiring delivery to the shipper or his order on surrender of the bill of lading. The libelant then drew a draft on the purchaser of the merchandise in Miami, and sent the draft, with bill of lading attached, to Miami for collection. The carrier delivered the merchandise to the purchaser without requiring the surrender of the bill of lading. The draft was not paid, and the bill of lading has been returned to the libelant, who has libeled the ship to recover his loss.

The only defense is the alleged failure of the shipper to comply with the following notice clause which appears in the bill of lading: "Neither the carrier nor the ship shall be liable in any event for any claims arising under this bill of lading, unless it shall receive written notice thereof with a full statement of particulars before the removal of the goods or the portion thereof delivered, or in case of nondelivery of the entire consignment within ten days after the final discharge of the vessel, or loss of or damage thereto, preventing such discharge, nor for any other claim or demand arising hereunder or in connection with the goods, unless presented in writing to the carrier within ninety days after shipment."

No claim or notice of claim was presented prior to suit, but suit was commenced more than 10 days after discharge of the vessel, and less than 90 days after shipment. If notice was required within 10 days of discharge, the defense is good. This depends on whether or not delivery contrary to the contract of carriage is to be regarded as "nondelivery of the entire consignment," within the meaning of the notice clause. Delivery to the wrong person was said to be a "failure to make delivery" in Georgia, Florida & Alabama R. Co. v. Blish Milling Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948. See, also, Davis v. John L. Roper Lumber Co., 269 U. S. 158, 46 S. Ct. 28, 70 L. Ed. 209, 44 A. L. R. 1537.

In the Blish Case it was said: "When the goods have been misdelivered, there is as clearly a 'failure to make delivery' as when the goods have been lost or destroyed; and it is quite as competent in the one case as in the other for the parties to agree upon reasonable notice of the claim as a condition of liability."

"Nondelivery of the entire consignment" in the bill of lading here in question is in meaning the precise equivalent of the phrase "failure to make delivery" in the two cases cited, and must, upon the reasoning, if not upon the rulings, of those decisions, be held to include "nondelivery" to the holder of the bill of lading because of misdelivery to another. It is true that the cases cited involved shipment by rail, but the problem in those cases, as in the case at bar, was one of interpretation.

I am therefore constrained to sustain the defense and dismiss the libel, with costs.