## N & W RY CO v COSMOPOLITAN BK & TR CO

Ohio Appeals, 1st Dist, Hamilton Co
No. 3615. Decided March 24, 1930.

Burton P. Hollister and Harmon, Colston, Goldsmith, & Hoadley, all of Cincinnati, for Ry.

Alcorn & Alcorn, Cincinnati, for Bank.

**ROSS, J.**

It is claimed that a verdict should have been instructed as requested, because there was no evidence showing: first, that a claim was filed within the time specified in the bill of lading contract; and, second, there was no evidence showing that the suit was filed within time specified in the bill of lading contract.

It has been held repeatedly that misdelivery of a shipment by a carrier amounts to a conversion. However, as the instant suit is predicated upon a violation of the contract with the Railway Company, it is unnecessary to consider the case from this viewpoint.

The Bank brings suit upon a contract which is embodied in the Order form of Bill of Lading, introduced in evidence, and claims that the Railway Company has violated its obligation to the Bank in failing to perform a duty set out in one of the clauses of this contract as quoted in the petition. The Bank, however, was equally bound by all other clauses in the contract, not changed by law.

It has been held that misdelivery is a "failure to make delivery" within the terms of the contract. Railway Co. v Blish Milling Co., 241 U. S. 191.

It was held in the case of Davis, Director General, v Roper Lumber Co., 269 U. S. 158:

"1. A loss due to misdelivery of a shipment by the carrier is not included, as damage "in transit" or otherwise, within the classes of cases mentioned in the second proviso of the first Cummins Amendment, as to which classes it provides that no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

It has also been held that misdelivery is not excluded from the effect of the notice of claim clause in a bill of lading:

"Section 10 of the Bills of Lading Act, which declares that a carrier delivering goods to any one not lawfully entitled to their possession shall be liable to any one having a right of property or possession in the goods, etc., does not excuse a shipper, whose goods were misdelivered, from compliance with a stipulation of his bill of lading relieving the carrier from liability if claim were not made within six months after a reasonable time for delivery had elapsed." Id. Syllabus 2.

The Bank, from its own testimony, as previously quoted, knew after the lapse of five weeks from the date of shipments that the goods had been reshipped, and that there was a misdelivery, and by the terms of the contract with the Railway Company, it was bound to make its claim within six months from this date, for "a reasonable time for delivery had elapsed", when the Bank had knowledge of the misdelivery. It was held in the case of **Davis, Agent, v Oswald & Taube, 113 Oh St, 499,** that the time for filing claims runs from the time the shipper has knowledge of the failure to deliver. When knowledge is shown, the question of notice by the Railway, or whether a reasonable time for delivery has elapsed, is of no consequence.

The fact that the bills of lading were negotiated with the Bank cannot relieve it of a clause binding upon the shipper when it is relying upon the contract of the Railway Company with the shipper for its own benefit in asserting responsibility of the Railway Company for misdelivery.

It is strenuously urged that the notation on the memorandum attached to the drafts and bills of lading were sufficient evidence to justify the jury in its verdict, and constituted proof that a claim in writing was made to the Railway Company. We find no scintilla of evidence in the record justifying such a construction of these notations, or that the Railway Company ever knew of them; nor is there any evidence in the record indicating that notice or claim was filed by the Bank, or any one for it, with the Railway Company, previous to the 24th of July, 1923, long after the period provided in the bills of lading for the filing of claims had expired. The Bank had knowledge of the misdelivery not later than five weeks (giving it full advantage of its own evidence) after January 7, 1922, or about the 16th of February, 1922. The claim was not made for over a year; that is July 24th, 1923.

As to the second defense, that the suit was not filed within the time provided for in the bill of lading contract, the Railway Company must fail, for it is held in R. R. Co. v Gardiner, 273 U. S., 280:

"A provision in an interstate bill of lading attempting to restrict the institution of damage suits to two years and one day after delivery of the property is had under Transportation Act, 1920, which declares unlawful any limitation shorter than two years from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice.

"Neither the Cummins Amendment nor the Transportation Act operates, itself, as a statute of limitation upon a suit by a shipper against a carrier for damage to goods.

"In the absence of a federal statute of limitations the local one is applicable to such actions."

Suit was filed within two years from the refusal of the claim, if the letter of July 26th, 1923, can be considered a refusal. By the terms of this letter, the Railway Company advised the Bank that it would consider and pass upon the claim, if properly presented. In either event, whether it was a refusal or not, the Railway Company would fail on this defense, for if it was not a refusal, it is necessary that the claim be denied before the period of two years and one day, mentioned in the bill of lading contract, would commence to run.

For the reasons given, the request for an instructed verdict in favor of the Railway Company should have been granted.

The judgment of the court of Common Pleas is reversed, and judgment will be entered here in favor of the plaintiff in error.

CUSHING, PJ, and HAMILTON, J, concur.