## Central Railroad Company of New Jersey v. Parry, etc.

*Arthur G. Dickson* and *Willis H. Satterthwaite*, for plaintiff.
*John Kennedy Ewing, 3rd*, of *Saul, Ewing, Remick & Saul*, for defendant.

SMITH, P. J., December 2, 1932.—In this case the defendant in his answer in the nature of a set-off and counterclaim raised questions of law. The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defense.

The statement of claim substantially avers that the plaintiff, a New Jersey corporation, is engaged in interstate and intrastate business as a carrier of goods for hire; that the defendant, a resident of Philadelphia, is engaged in the business of buying and selling lumber; that the defendant, on April 17, 1929, shipped from Stephens, Ga., to himself at Pinewald, N. J., one carload of lumber on the Georgia Railroad and received therefor a bill of lading; that the lumber car traveled north over several railroads of which the plaintiff was the final connecting link, and on or about April 27, 1929, arrived and was placed upon the public team track at Pinewald, N. J.; that the freight charge for the 16,700 pounds of lumber on the car was at the rate of 40½ cents per 100 pounds, or the sum of $249.89 and was assessed under and by virtue of J. H. Glenn's Eastern Lumber Tariff 45A, I. C. C. No. A-604; that Pinewald, N. J., is a "no-agent, prepaid station" and so listed in Tariff F. A. Leland, I. C. C. No. A-6; that the plaintiff's freight agent at Forked River, N. J., included the handling of consignments of freight at Pinewald; that this agent, on or about April 27, 1929, notified the defendant of the arrival of the lumber at Pinewald and received word therefrom in writing to deliver the shipment consigned to

the defendant to the Pinewald Supply and Lumber Company, stating that the latter would pay the charges thereon; that the said agent of plaintiff then notified the Pinewald Supply and Lumber Company of the shipment at Pinewald; that the Pinewald Supply and Lumber Company failed to pay the charges and the defendant has refused, after demand made, to pay the charges; that the tariffs above mentioned are duly published and filed with the Interstate Commerce Commission, in accordance with the provisions of the acts of Congress, and are in full force and effect; that the defendant as shipper is obliged to pay the said charge of $249.89, with interest from April 27, 1929.

The affidavit of defense, set-off and counterclaim denies that the car transporting the lumber was delivered with due diligence and in accordance with instructions; and admits that defendant notified the plaintiff to deliver the shipment to Pinewold Supply and Lumber Company upon payment to it of the freight charges in accordance with his written notice. He denies that the shipper is obliged to pay the freight charges, and avers that the plaintiff company failed and neglected to collect the freight charges from the Pinewald Supply and Lumber Company. The defendant denies owing anything to plaintiff.

In the set-off and counterclaim, the defendant claims that the plaintiff company is indebted to him in the sum of $822.71, with interest from April 5, 1929, and avers that on April 5, 1929, he delivered to the Talbottom Railroad at Talbottom, Ga., a carload of lumber, the net weight of which was 54,800 pounds, containing 26,974 feet of pine lumber, to the fair and reasonable value of $822.71; that the Talbottom Railroad gave the defendant a uniform straight bill of lading consigning the lumber to defendant at Wildwood, N. J.; that the car traveled over the connecting lines to Encola, Pa., where, on April 9, 1929, the defendant notified the Pennsylvania Railroad to divert the car to Pinewald, N. J., to be there delivered to the defendant by the plaintiff; that the plaintiff did not notify the defendant of the arrival of this car at Pinewald, N. J., and never delivered this shipment to the defendant; that the neglect of the plaintiff to notify the defendant and to deliver the shipment to him has caused him to be damaged in the amout of the value of the lumber; that he has made demands on the plaintiff for the payment of $822.71 but that the plaintiff has refused to make payment.

The plaintiff company thereupon filed a reply raising questions of law as to the sufficiency of the defendant's set-off and counterclaim and asking for judgment based upon the fact that the contract of shipment, inter alia, provides that in case of failure to make delivery the defendant must make his claim for loss or damage in writing within six months after reasonable time for delivery has elapsed; and suits therefor must be instituted within two years and one day after reasonable time for delivery has elapsed; that the counterclaim makes no averment that written notice of defendant's claim was given as provided, nor within six months after reasonable time for delivery had elapsed; that defendant's counterclaim bears date June 27, 1932, and the defendant's claimed loss occurred as of April 5, 1929, more than three years prior to the date of setting up the counterclaim, and is barred by the express stipulation of the contract declared upon; that if defendant's counterclaim is to be taken to sound in trespass, it is insufficient in law, in addition to the above reason, by reason of the fact that the plaintiff's claim is one in assumpsit.

The affidavit of defense is not sufficient if the counterclaim and set-off are insufficient.

An examination of the letter of April 29, 1929, from the defendant to the plaintiff company shows a request to deliver the carload of lumber to the Pinewald Supply and Lumber Company, and then follows: "who will pay all freight

charges on same." That letter does not relieve the defendant of his primary liability. That liability remains until the bill for freight is paid. If the defendant had in a writing established as a condition precedent to delivery to a third party the payment of the bill, the plaintiff would be bound by it and upon delivery to a third party without receipt from the third party of payment, it would not be able to collect from the defendant: N. Y. Cent. R. R. Co. *v.* Warren Ross Lumber Co., 234 N. Y. 261; Yazoo & Miss. Val. R. R. Co. et al. *v.* Nichols & Co., 256 U. S. 540. The defendant here has only made a request in the nature of a favor or accommodation to be done him. The request can in no way alter the express terms of the contract that the defendant would pay the charges, and the plaintiff has done nothing to alter that liability.

The counterclaim and set-off of the defendant is based upon a contract in the nature of a bill of lading attached to his pleadings. He avers that under the terms of this contract he shipped a carload of lumber which was never delivered by plaintiff. The defendant filed no claim for loss at any time prior to the claim advanced in his counterclaim and set-off. He disregarded the terms of the contract that the claim had to be made within six months after a reasonable time for delivery had elapsed. This provision of the contract is governed by the Federal law: Hilbert *v.* Penna. R. R. Co., 277 Pa. 105; and is valid under the authority of the cases of the Federal courts.

In Chesapeake & Ohio Ry. Co. *v.* Martin et al., 283 U. S. 209, 212, the court said: "The provision of the bill of lading that claim for loss in case of failure to deliver must be made within six months after the lapse of a reasonable time for delivery is authorized by federal statute and is valid and applicable. . . . What constitutes a reasonable time depends upon the circumstances of the particular case. As applied to a case like this, it means such time as is necessary conveniently to transport and make delivery of the shipment in ordinary course of business, in the light of the circumstances and conditions surrounding the transaction . . . the Blish Company case [241 U. S. 190, 197] makes clear that the fact that delivery was made contrary to instructions, due to the misunderstanding or negligence of the carrier, cannot successfully be set up as an estoppel against the claim of a failure to comply with the requirement of the bill of lading here involved."

In Davis, Director General, *v.* John L. Roper Lumber Co., 269 U. S. 158, where there was a misdelivery, claim was filed nineteen months after reasonable time for delivery, and suit was held to be barred.

The defendant has failed to conform to the provisions of the contract as to notice. As to the provision governing the time in which suit for loss can be brought, he is too late. It has been suggested by counsel for the defendant that the plaintiff cannot in a demurrer plead a statute of limitations. The plaintiff is not doing that. Defendant's cause of action, if any exists, is based upon a contract. Section two (b) of the bill of lading declared upon provides: "Suits for loss, damage, injury, or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed. *Provided,* That in case the claim on which suit is based was made in writing within six months, or nine months in case of export traffic (whether or not filing of such claim is required as a condition precedent to recovery), suit shall be instituted not later than two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

The plaintiff's action was brought three years and twenty-two days after the shipment was given the original railroad. The counterclaim was subsequent

in time to the action of the plaintiff. In Chesapeake & Ohio Ry. Co. *v.* Martin et al., supra, the court also said (p. 222):

"To allow it [the claim of the shipper of an estoppel of the carrier to raise the defense of non-filing of notice of shipper's claim because of misdelivery by carrier] would be to alter the terms of a contract, made in pursuance of the Interstate Commerce Act and having, in effect, the quality of a statute of limitation, and thus to open the door for evasions of the spirit and purpose of the act to prevent preferences and discrimination in respect of rates and service."

The provision being a part of the contract of shipment, it may be raised by demurrer if there has been a noncompliance with it by the defendant.

The defendant's counterclaim is insufficient in law.

### Decree

And now, to wit, December 2, 1932, judgment is entered for the plaintiff against the defendant in the sum of $249.89, with interest from April 27, 1929, for want of a sufficient affidavit of defense.