### MISSOURI PACIFIC RAILROAD CO. v. HARTLEY BROS.

No. 20751. Opinion Filed Dec. 20, 1932.

Rehearing Denied Feb. 28, 1933.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

Robson & Moreland, for defendants in error.

RILEY, J. Judgment below was in the sum of $1,750 and interest, based on loss of 92 head of cattle occasioned by the carelessness and negligence of the appellant carrier in handling said cattle while in transit from Little Rock, Ark., to Delaware, Okla.

The defendant denied generally and relied upon a defense that not its carelessness and negligence in handling in transit of the cattle caused the damage, but that it was caused by the poor and weakened condition of the cattle and by the dipping of them prior to transportation. The jury determined this issue in favor of plaintiff, and there is evidence to support the verdict. Cardwell-Lyman Sales Co. v. Liebman, 110 Okla. 21, 236 P. 16; St. L.-S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491.

Error is predicated upon the instructions given and refused by the trial court. This alleged error is a contention regarding the requirement of notice in writing of claim for loss and damage sustained in shipment under the uniform live stock contract pursuant to federal acts relating to interstate commerce.

The court below instructed that the requirement of such notice by the contract might be waived when the injury was manifest. See St. L. & S. F. Ry. Co. v. Ladd, 33 Okla. 160, 124 P. 461; Harn v. Smith, 85 Okla. 137, 204 P. 642; Kerr v. Aetna Casualty & Surety Co., 124 Okla. 112, 254 P. 105.

It is our view that a decision as to waiving of notice in the contract presented is not necessary to the determination of this cause, for the recovery herein sought was

for damage in transit occasioned by the negligence and carelessness of the defendant carrier.

The Act of Congress, March 4, 1915, 38 Stat. at L. 1196, amendatory of former acts, in our opinion, eliminates the necessity of notice in certain events as a condition precedent to recovery.

The proviso of that act reads:

"Provided, however, that if the loss, damage or injury * * * was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

In Barrett v. Van Pelt, 268 U. S. 85, 69 L. Ed. 857, this proviso was construed to mean:

"That carelessness or negligence is an element in each case of loss, damage or injury included therein, and that in such cases, carriers are not permitted to require notice of claim or filing of claim as a condition precedent to recovery." Davis v. Roper Lbr. Co., 269 U. S. 158, 70 L. Ed. 209; Haley v. Oreg. Short Line R. Co., 253 Fed. 569; Radovsky v. N. Y., N. H. & H. R. Co. (Mass.) 154 N. E. 334; Hunt v. Hines, Director Gen., (Mo. App.) 223 S. W. 798; Wichita Ry. Co. v. Davis (Tex. Civ. App.) 275 S. W. 169; Reedy v. Mo. P. R. Co. (Kan.) 255 P. 683.

Finding no reversible error in the trial court's instructions, the judgment is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., not participating. LESTER, C. J., absent.