## MISSOURI PACIFIC RAILROAD CO. *v.* HARTLEY BROTHERS.

No. 200. Argued December 14, 1933.—Decided January 8, 1934.

*Mr. Wm. L. Curtis* argued the cause, and *Messrs. Edward J. White* and *Thomas B. Pryor* filed a brief, for petitioner.

*Mr. H. D. Moreland* argued the cause, and *Mr. G. C. Spillers* filed a brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondents brought this action in the district court of Rogers county to enforce a claim for damages against the railroad company. May 4, 1927, they shipped seven carloads of cattle from stations in Arkansas to themselves at Delaware, Oklahoma. They delivered five loads-

directly to defendant and the other loads to connecting carriers that delivered them to defendant. It hauled all from Little Rock to destination. The shipments moved under uniform livestock contracts[1] issued by the initial carriers. They contain the following clauses:

" Section 2. (c) Claims for loss, damage, or injury to live stock must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after the delivery of the live stock . . . provided, that if such loss, damage or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery. . . .

" Section 4. (c) Before the live stock is removed from the possession of the carrier or mingled with other live stock the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the live stock."

Plaintiffs did not sue until after the expiration of the time specified in the contract for notice or filing of claim; and they did not, before suit, give notice of or make any claim against defendant or any of the carriers for the loss or damage sued for, § 2 (c), or give defendant the information specified in § 4 (c). Their petition alleges that some of the cattle were killed and others injured by defendant's negligence in handling the cars in which the shipments moved over its line. The answer denied negligence and alleged that plaintiffs had not complied with the quoted contract provisions. The jury returned a verdict for plaintiffs and the trial court gave them judg-

---

[1] Prescribed by Domestic Bill of Lading and Live Stock Contract, 64 I.C.C. 357, October 21, 1921, before our decision, April 13, 1925, in *Barrett* v. *Van Pelt*, 268 U.S. 85. See *Missouri Pacific R. Co.* v. *Porter*, 273 U.S. 341, 343, *et seq. Louis Ilfeld Co.* v. *Southern Pac. Co.*, 48 F. (2d) 1056, 1057.

ment thereon. · The supreme court affirmed. 162 Okla. 194; 19 P. (2d) 337.

The first Cummins amendment to § 20 of the Act to Regulate Commerce, 49 U.S.C., § 20 (11), concerning the duty of carriers to issue receipts or bills of lading for interstate freight and their liability for loss or damage declares: " That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years "; and, as here construed,[2] the proviso reads: " That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded or damage in transit by careless ness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." The phrase " carelessness or negligence " relates to each case of loss, damage or injury mentioned in the proviso, and in such cases carriers are not permitted to require notice or filing of claim. *Barrett* v. *Van Pelt*, 268 U.S. 85, 87, 91. *Chesapeake & O. Ry. Co.* v. *Thompson Mfg. Co.*, 270 U.S. 416, 422.

Section 2 (c) of the livestock contract includes the language of the proviso and evidently is not intended to require notice of claim for any loss, damage or injury caused by the carrier's negligence. Section 4 (c) of the contract does not purport to make compliance with it a condition precedent to suit, and we need not decide whether in any case it could be so read. It does not expressly apply to loss or injuries caused by the carrier's negligence. If construed to cover such cases, the section would conflict with the proviso of the first Cummins Amendment.                    *Affirmed.*

---

[2] *Barrett* v. *Van Pelt*, 268 U.S. 85. *Davis* v. *Roper Lumber Co.*, 269 U.S. 158. *Chesapeake & O. Ry. Co.* v. *Thompson Mfg. Co.*, 270 U.S. 416.