## MULLENDORE v. STILLWATER NAT. BANK et al.

No. 27337. Sept. 21, 1937.

Rehearing Denied Oct. 26, 1937.

J. M. Springer, for plaintiff in error.

Wilcox & Swank, for defendant in error Stillwater National Bank.

114

Spielman, Cantrell & McCloud, for defendant in error C. R. Anthony Company.

CORN, J. This is an action at law for damages, brought by O. V. Mullendore against the Stillwater National Bank, a corporation, and the C. R. Anthony Company, a corporation. The facts are substantially as follows: The plaintiff bought the store in question, located in Stillwater, Okla., from the C. R. Anthony Company, and took a bill of sale therefor. The store consisted of stock, fixtures, accounts receivable, and personal property of every kind and character connected with or pertaining to the business of the store.

A few days after this transaction took place, the plaintiff went to the defendant bank and had the account standing in the name of C. R. Anthony Company transferred to his own name. Some few days later the C. R. Anthony Company presented a check for the amount of the account, which check was at that time refused, but was later cashed, and the amount of $2,173.65, the amount in controversy here, was charged to the plaintiff's account. The plaintiff filed this suit to recover said amount.

Numerous pleadings were filed; the bank answered separately, admitting payment of the check, and asking, if judgment went for the plaintiff, for a judgment over against the C. R. Anthony Company. The case was tried to the court, and certain findings of fact and conclusions of law were made. The trial court was of the opinion that the bill of sale did not include the bank account in question and that the defendants were not liable for the amount claimed, and rendered judgment accordingly. Reference to the parties will be as in the trial court.

The plaintiff submits his case upon three propositions for this court's determination. Briefly stated these are: (1) The money being in an account in the plaintiff's name, the contract in question has nothing to do with the case; (2) bank account was transferred by the terms of the bill of sale to the plaintiff; (3) that if there was any doubt on this point, the uncertainty must be interpreted against the C. R. Anthony Company, who caused this uncertainty to exist. Since the only issue really pertinent to this appeal is whether the bank account in question was, under the terms of the bill of sale, transferred to the plaintiff, this is the only question which must necessarily be dealt with in order to decide this case.

In this respect there are two phases of the matter to be considered. The first of these is the question of the bank accounts, their purpose, and the manner in which they were handled, and the other is the real basis upon which the transaction in question was made, and the real intention and expectations of the parties in respect to the entire transaction.

The system under which the Anthony Company operated in regard to the handling of the finances in each particular store was this: Each store had two separate accounts; one was the petty cash account, consisting of funds directed to the store from the general office and used in paying salaries, operating expenses, and the like. This account was under the control and supervision of the local store manager, and subject to being drawn upon by his order. The other account was the general account, established by deposits of the proceeds from sales of merchandise from the store. This account was drawn upon, authority for this being vested only in the president and secretary-treasurer of the organization, to pay for the merchandise stocked in the store, the apparent purpose being to provide some means of transferring all the proceeds to the general office and to facilitate the handling of the same.

The evidence of the defendant at the trial showed that no person had authority to draw upon the general account other than the two officers mentioned. The signature card filed with the bank showed only their two signatures as parties having authority to draw on this particular account.

The next point to be considered is whether the clause in the bill of sale given Mullendore, and which provided, "and all other personal property of every kind and character, now used, connected with, or pertaining to said business," is to be construed as including the bank account involved here.

The plaintiff contends that the account was most certainly connected with, and pertaining to, the Stillwater store, and that the terms of the agreement were broad enough to include this account. In this connection the plaintiff asserts that where there is any uncertainty in an agreement, the language of such agreement is to be construed against the party who caused the uncertainty to exist. In support of this the plaintiff cites authority from this court to that effect, and this is undoubtedly the general rule. See Cardwell-Lyman Sales Co. v. Liebmann, 110 Okla. 21, 236 P. 16.

The testimony at the trial was that the agreement was to trade upon the same basis

as that used when Anthony took the store from the plaintiff at the time of their first trade. The evidence discloses that the parties figured the basis of the trade fully. The value of the stock was considered, as well as the store's value, and the amount of indebtedness, as the store was showing a loss at the time. From these figures the parties knew the true conditions, and it is evident that this trade was consummated solely upon the basis that the plaintiff should surrender his stock in the C. R. Anthony Company in return for the Stillwater store and the invoiced merchandise, and that he was not to have transferred to him the money deposited in the bank.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.